Edward S. IRONS, Plaintiff,

v.

William B. SCHUYLER, Commissioner
of Patents, Defendant.

Civ. A. No. 75–70.

United States District Court,
District of Columbia.

Oct. 26, 1970.

Mary Helen Sears, Washington, D. C.,
for plaintiff.

Lawrence S. Margolis, Asst. U. S.
Atty., Washington, D. C., for defendant.

## ORDER

GASCH, District Judge.

This matter is before the Court on the defendant's motion to dismiss or in the alternative for summary judgment. The Court heard both counsel in open Court on September 21, 1970, and at that time afforded both counsel the opportunity to present oral argument on the motion. Both counsel, however, chose to submit the matter to the Court on the pleadings without oral argument.

In this case the plaintiff seeks "all unpublished manuscript decisions of the Patent Office together with such indices as are available" citing the authority of The Freedom of Information Act, 5 U. S.C. § 552(a) (2) (A) and 5 U.S.C. § 552(a) (3). Plaintiff also seeks an order requiring defendant to maintain and make available for public inspection and copying a current index of manuscript decisions as required by 5 U.S.C. § 552(a) (2). "Unpublished office decisions, available to office personnel in typewritten form but not to the public, are called manuscript decisions." Mc-Crady, A. R., Patent Office Practice, p. 163. The Court considered the voluminous papers submitted by the parties and the cases cited. The Court has ex-

amined in particular the cases of Bristol-Myers Company v. Federal Trade Commission, 138 U.S.App.D.C. 22, 424 F.2d 935, decided March 26, 1970; Grumman Aircraft Engineering Corporation v. The Renegotiation Board, 138 U.S.App.D.C. 147, 425 F.2d 578, decided March 10, 1970; and Ackerly v. Ley, 137 U.S.App.D.C. 133, 420 F.2d 1336, decided December 19, 1969. *Bristol-Myers,* which involved a request to produce certain documents of the Federal Trade Commission relevant to a rule-making proceeding, required that a request *specify* identifiable records and called for a *reasonable description* enabling the Government employee to locate the requested records. *Grumman,* in which the demand was for the orders and opinions issued during the renegotiation of the contracts of fourteen specified companies during the years 1962–65 and certain documents relating to Grumman's own renegotiation, but in *Grumman* there is no suggestion that the request was not for identifiable records. Neither did *Ackerly* seem to hinge on the question of identifiable records, but was remanded for consideration of the basis of the claim of exclusion under 5 U.S.C. § 552(b) (5).

The request in the instant case "for all unpublished manuscript decisions" is not a reasonable request for identifiable records, but rather a broad, sweeping, indiscriminate request for production lacking any specificity. "All decisions" is not a reasonably identifiable description, any more than asking for all the books in a particular library or all of the unpublished opinions of the United States District Courts. The plaintiff has not shown that he has been denied any reasonable request for specific materials—but only a general request for all opinions, some of which may be excludable as trade secret and some of which may not be. It may be true that some of these opinions could be made available under the provisions of the Act if a specific request for an identifiable opinion were made, but a request for all is not specific enough to decide if any particular decision or decisions can be made available.

■■ The papers presented indicate that it is arguable that some of the requested materials contain trade secrets excludable under 5 U.S.C. § 552(b) (4) or 35 U.S.C. § 122. This Court is not required to examine every manuscript decision of the past 100 or more years to decide in each case if there is trade secret or other material which should be excluded. The legislative history of the Act indicates that it was not the intent of Congress to add materially to the burden of overworked courts. (See 1966 U.S.Code Cong. and Adm.News, pp. 2418–2419.) In the case of a specific request for production that had been denied by the Patent Office, the Court could reasonably be expected to examine the claim of exclusion to see if there were any basis. *Grumman* indicated that in some instances where there is a claim of exclusion on the basis of confidentiality that the identifying data could be stricken before the materials were produced.

In view of the fact that it seems probable that some of the manuscript decisions should be made available under the Act if a reasonable request for specific information is made, it is by the Court this 23rd day of October, 1970.

Ordered that the United States Patent Office maintain and make available for public inspection and copying a current index providing identifying information for the public as to the unpublished manuscript decisions of the Patent Office since July 4, 1967, insofar as the same is required by 5 U.S.C. § 552(a) (2). The Court makes this order so that the public will have an adequate basis on which to make reasonable specific requests of the Patent Office. The Patent Office may deny the request for production of manuscript decisions on other grounds specified in 5 U.S.C. § 552(b) (i. e., trade secret).

The Court, however, finds the request in the present case too broad to be identifiable and for that reason, it is by the Court

Ordered that the defendant's motion to dismiss be granted except insofar as has already been ordered in regard to the maintenance of a current index.

The Court makes no finding as to whether or not these manuscript decisions are final opinions or whether or not they contain excludable trade secret materials.