MISEGADES & DOUGLAS, Plaintiff,

v.

William E. SCHUYLER, Jr., Commissioner of Patents, Defendant.

Civ. A. No. 406-69-A.

United States District Court,
E. D. Virginia,
Alexandria Division.

May 28, 1971.

George R. Douglas, Jr., Washington, D. C., for plaintiff.

Harland F. Leathers, Jeffrey F. Axelrad, Dept. of Justice, for defendant.

## ORDER AND MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

The plaintiff asks this Court to enter an order requiring the Commissioner of Patents to permit them to examine Patent Office Form PO 892 used in the then pending Patent Application No. 666,526.

The plaintiff relies on 5 U.S.C. § 552 and 15 U.S.C. §§ 1511, 1512, 1513, 1515, 1517 and 1151–1157 in support of their right to inspect the document in question.

The Commissioner denied their request, citing 5 U.S.C. § 552(b) (3), (4) and (5), and 35 U.S.C. § 122 and Rule 14 (a) of the Patent Office Rules of Practice.

Upon examining the authorities cited, the Court is of the opinion that the request ought to be denied, and

It Is So Ordered.

The plaintiff concedes that Patent Application No. 666526 is a currently pending patent application.

Form PO 892 is used as part of the internal administrative handling of patent applications. The form cites other patents for the purpose of narrowing the claims which the inventor asserts for his invention. The applicant's attorney uses the information as the basis for negotiation. This form, along with other work done by the examiner, is made a part of the pending patent application file.

The plaintiffs here did not represent the applicant for the patent in question. The record does not disclose the names of their client or what interest, if any, this client has in the information here sought.

The Supreme Court of the United States, in the recent Lear case, Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), rather

clearly indicated that one may not learn an inventor's ideas simply by requesting the information from the Patent Office. They stated "During the time the inventor is seeking patent protection, the governing federal statute requires the Patent Office to hold the inventor's patent application in confidence   \*   \*   \* "— citing 35 U.S.C. § 122, which provides

> "Applications for patents shall be kept in confidence by the Patent Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of any Act of Congress or in such special circumstances as may be determined by the Commissioner."

The Supreme Court in the Lear case further pointed out that the present regulations issued by the Patent Office unequivocally guarantee that "pending patent applications are preserved in secrecy \*   \*   \* unless it shall be necessary to the proper conduct of business before the Office" to divulge their contents— They were referring to Rule 14(a) of the Patent Office Rules of Practice. This rule says "nor will access be given to or copies furnished of any pending application or papers relating thereto \*   \*   \*."

The plaintiffs here attempt to circumvent 35 U.S.C. § 122, Rule 14(a) and the Lear decision by limiting the phrase "patent applications" to the requirements as set forth in 35 U.S.C. § 111.

This Court does not agree that patent applications, as that term is used in the statute and Rule in question, should be given such a narrow construction—The term includes all pertinent information given the patent examiner by the inventor or his attorney pending the granting, denial or abandonment of his application. It is not limited to the naked requirements of 35 U.S.C. § 111.

The Clerk will send a copy of this order and memorandum opinion to the attorneys for the plaintiffs and to the attorneys for the defendant.