**MISEGADES & DOUGLAS, Appellant,**

v.

**William E. SCHUYLER, Jr., Commissioner of Patents, United States Patent Office, Appellee.**

**No. 71-1763.**

United States Court of Appeals,
Fourth Circuit.

Feb. 25, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

George R. Douglas, Jr., Washington, D. C., on the brief for appellant.

Walter H. Fleischer and William Kanter, Dept. of Justice, for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Appellant instituted this action in the District Court pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a) (3), seeking to enjoin the Commissioner of Patents from withholding certain Patent Office documents. Appellant sought to examine a completed Patent Office Form PO 892, which was prepared in connection with Patent Application Serial No. 666,526.

The District Court, 328 F.Supp. 619, held that the Patent Office had correctly withheld this particular Form PO 892 from appellant because the form contained information concerning a pending application for a patent, and, therefore, disclosure was prohibited by 35 U.S.C. § 122 and 5 U.S.C. § 552(b) (3). Upon this appeal, appellant contends that PO Form 892 is not a pending application or papers relating thereto within the meaning of 35 U.S.C. §§ 111 and 122 and so disclosure is not prohibited by statute. We need not reach this issue since it appears that subsequent events have rendered the litigation moot as to the documents sought.

The patent application in question, Marcus A. Eggenberger application Serial No. 666,526, was approved on October 19, 1971. At that time the Form PO 892 prepared in connection with the Eggenberger application became open for inspection by the general public and a copy of the document was mailed to appellant's attorney. The only relief sought by appellant in this lawsuit is compelled disclosure of this document. Since appellant has been provided with the document, there is no longer any matter in controversy before this court. *See* Local No. 8-6, Oil, Chemical and Atomic Workers International Union v. Missouri, 361 U.S. 363, 367, 80 S.Ct. 391, 4 L.Ed.2d 373 (1960); Ackerly v. Ley, 137 U.S.App.D.C. 133, 420 F.2d 1336 (1969).

Accordingly, the appeal is dismissed as moot.