**TAPCO PRODUCTS COMPANY,**
Plaintiff-Appellant,

v.

**VAN MARK PRODUCTS CORPORATION and Eugene Van Cleave,**
Defendants-Appellees.

No. 71-2058.

United States Court of Appeals,
Sixth Circuit.

June 22, 1972.

William H. Francis, Detroit, Mich., John M. Kisselle, Basil C. Foussianes, Barnes, Kisselle, Raisch, & Choate, Detroit, Mich., on brief, for plaintiff-appellant.

Hiram P. Settle, Jr., Detroit, Mich., Bernard J. Cantor, Daniel G. Cullen, Richard D. Grauer, Cullen, Settle, Sloman & Cantor, Detroit, Mich., on brief, for defendants-appellees.

Before WEICK, PECK and McCREE, Circuit Judges.

### ORDER.

In the previous appeal of this case, we held:

"Infringement was not made an issue in the District Court nor here.

"In our opinion, Claim 7 of the Marsh patent is valid and was infringed by the defendants. The judgment of the District Court is reversed and the cause is remanded for further proceedings consistent with this opinion." Tapco Products Co. v. VanMark Products Corp., 446 F.2d 426 (6th Cir. 1971), cert. den. 404 U.S. 986, 92 S.Ct. 451, 30 L.Ed.2d 370 (1971).

The fact of the matter is that the accused brakes were copied from the Marsh patent and were substantially identical with it.

The District Court, upon remand, issued an injunction on October 1, 1971, enjoining the persons named therein from making, using and selling said accused brakes.

 Thereafter, on October 21, 1971, the District Court modified the injunction by holding in effect that the accused brakes did not infringe the Marsh patent. The Order of the District Court was not consistent with the mandate heretofore issued by this Court but conflicted therewith and the District Court was without jurisdiction to modify or change the mandate. The District Court was also without jurisdiction to conduct proceedings after the case had been appealed.

The order of the District Court dated October 21, 1971 is vacated and the cause is remanded with direction to adjudge that Claim 7 of the Marsh patent No. 3,-161,223 is valid and infringed by the accused brakes exemplified by Exhibit PX–4 of the original trial, and to reinstate the injunction of October 1, 1971 with respect to said accused brakes, and further enjoin said persons described in the injunction order from questioning the validity or infringement of said patent with respect to the accused brakes. It is further ordered that the District Court determine all damages to which the plaintiff may be entitled under 35 U.S.C. § 284 and whether attorneys' fees should be allowed under 35 U.S.C. § 285, referring said issues to a Special Master if deemed advisable.

Jurisdiction is hereby retained for the enforcement of this order.

Entered by order of the Court.