Edward S. IRONS, Appellant,

v.

William B. SCHUYLER, Commissioner of Patents.

No. 24742.

United States Court of Appeals, District of Columbia Circuit.

Argued March 7, 1972.

Decided June 15, 1972.

Supplemental Opinion On Behalf of Rehearing Aug. 21, 1972.

Certiorari Denied Dec. 18, 1972. See 93 S.Ct. 682.

Ms. Mary Helen Sears, Washington, D. C., for appellant.

Ms. Barbara L. Herwig, Atty. Dept. of Justice, with whom Mr. L. Patrick Gray, III, Asst. Atty. Gen., Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and Walter H. Fleischer, Atty. Dept. of Justice, were on the brief, for appellee. Mr. Robert V. Zener, Atty. Dept. of Justice, also entered an appearance for appellee.

Before FAHY, Senior Circuit Judge, and MacKINNON and ROBB, Circuit Judges.

FAHY, Senior Circuit Judge:

Appellant, plaintiff in the District Court, filed a complaint against the Commissioner of Patents of the United States under the Freedom of Information Act, 5 U.S.C. § 552.[1] After partial-

---

1. Section 552(a) states in pertinent part:
   Each agency shall make available to the public information as follows:
   *   *   *   *   *
   (2) Each agency, in accordance with published rules, shall make available for public inspection and copying—

   (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;
   *   *   *   *   *
   unless the materials are promptly published and copies offered for sale.
   5 U.S.C. § 552(a) (1970).

ly granting the relief sought, 321 F. Supp. 628, the court in terms dismissed the complaint. Appellant sought an injunction prohibiting the Commissioner from refusing to produce as requested "all unpublished manuscript decisions of the Patent Office, together with such indices as are available,"[2] and also to require the Commissioner to "maintain and make available for public inspection and copying a current index" of the said manuscript decisions as required by 5 U.S.C. § 552(a) (2). The unpublished decisions have for many years been identified by the Patent Office as manuscript decisions, which are unpublished decisions available in typewritten form to office personnel, but not generally to the public. *See* A. McCrady, Patent Office § 116, at 163 (1959). However, patent files and files of any terminated interference involving a patent, or an application on which a patent has issued, are open to the public, 37 C.F.R. § 1.11, but not patent applications which are preserved in secrecy under 35 U.S.C. § 122; 37 C.F.R. § 1.14 (1972).

The District Court ordered the Commissioner to comply with appellant's prayer that he make available an index of all manuscript decisions rendered since July 4, 1967, the effective date of the Act, conformably with the terms of 5 U.S.C. § 552(a) (2). The Commissioner has not appealed from this order. The ground assigned by the court for dismissing the complaint in other respects is that the request for production was "too broad to be identifiable."[3]

## I

The position of the Commissioner in support of the court's action is that the blanket request for all unpublished manuscript decisions does not comply with the provisions of Paragraph (a) (3) that a request be for "identifiable records." The position of appellant is that these unpublished decisions are, in the language of paragraph (a) (2), "final opinions . . . made in the adjudication of cases" and under that provision are to be produced without reference to further identification under paragraph (a) (3).

Our decision in American Mail Line, Ltd. v. Gulick, *supra,* is contrary to appellant's position. We there said:

> Except with respect to the records made available under paragraph (1) and (2) of this subsection, each agency, on request for identifiable records * * * shall make the records promptly available to any person.

---

Section 552(a) (3) provides in pertinent part:

> Except with respect to the records made available under paragraphs (1) and (2) of this subsection, each agency, on request for identifiable records made in accordance with published rules stating the time, place, fees to the extent authorized by statute, and procedure to be followed, shall make the records promptly available to any person. On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a) (3) (1970).

This court in American Mail Line, Ltd. v. Gulick, 133 U.S.App.D.C. 382, 411 F.2d 696 (1969), held that a party seeking information required to be made available for public inspection and copying by § 552(a) (2), or that required to be published in the Federal Register by § 552(a) (1), but withheld by an agency, can resort to § 552(a) (3) to seek judicial enforcement of §§ 552(a) (1) and (2). *See also* Getman v. NLRB, 146 U.S.App.D.C. 209, 450 F.2d 670 (1971).

2. The complaint states that "A substantial portion of the 'final opinions, including concurring and dissenting opinions and orders' . . . are not 'promptly published' nor are copies thereof 'offered for sale' as specified in 5 U.S.C. 552(a) (2)."

3. The complaint alleges plaintiff's compliance in his request with 5 U.S.C. § 552(a) (3), which provides that except with respect to the records made available under (a) (1) and (a) (2) the request shall be for "identifiable records."

\* \* \* \* \* \*

We interpret this paragraph [(a) (3)] as meaning that except with respect to records *the agency* has made available under paragraphs (1) and (2) in compliance with that portion of this Act, the agency must make all other identifiable records available (unless exempted by subsection (b)) or face judicial compulsion to do so. 133 U.S.App.D.C. at 387, 411 F.2d at 701.

All manuscript decisions requested by appellant are not published opinions which have been made available by the agency, or final opinions made available for public inspection, under Section (a) (2) "in accordance with published rules" of the agency. Accordingly, under the construction of the Act adopted in *Gulick*, they are to be produced under the process spelled out in paragraph (a) (3), namely, as the result of a request for "identifiable records." What is involved, then, aside from the indices, discussed in Part III of this opinion, is a request for decisions not published or made available by the agency under Section 5 U.S.C. § 552(a) (2), and identified only as "all unpublished manuscript decisions of the Patent Office." In determining whether this was a request for identifiable records as those terms are to be interpreted, the transcript discloses the following: In support of the Commissioner's Motion to Dismiss or for Summary Judgment, the Associate Solicitor of the Patent Office filed an affidavit which, *inter alia*, states:

9. There are more than 3,500,000 files of patents, approximately 100,000 files of patent interferences (terminated or unterminated), approximately 180,000 pending patent applications, and well over a million of abandoned patent applications, any of which may contain one or more manuscript decisions.

Appellant filed a counter affidavit taking issue in numerous respects with various other statements in the affidavit of the Associate Solicitor, but without denying the facts recited in paragraph 9. However, in plaintiff's unverified Statement of Genuine Issues Pursuant to Rule 9(b) it is stated that he "disputes," *inter alia*, that it would be necessary for the Patent Office personnel to inspect each of the allegedly more than 3,500,000 files referred to in the Associate Solicitor's affidavit, in order to locate the totality of the manuscript decisions sought by the complaint, or to isolate the manuscript decisions which are available to the public. Several additional factual items are important. One of these was developed during the hearings before the District Court. The following colloquy occurred between the court and counsel for plaintiff:

THE COURT: You are seeking all unpublished manuscript decisions of the Patent Office, is that correct?

MISS SEARS [counsel for plaintiff]: Yes, your Honor.

THE COURT: Couldn't you narrow that. How many opinions do you think are in this category? Could you hazard a guess?

MISS SEARS: I think there are a very large number.

THE COURT: About how many?

MISS SEARS: Many thousands I am quite sure.

THE COURT: And, you are seeking access to all of them?

MISS SEARS: Your Honor, I think the statute requires that the entire public have such access.

\* \* \* \* \* \*

MISS SEARS: Your Honor, I believe the act requires in so many words that all of the final opinions, the Patent Office Tribunal be made available.

THE COURT: All unpublished opinions.

MISS SEARS: Your Honor, those unpublished opinions are final opinions—Tribunals of the Patent Office.

The record also shows that some of the manuscript decisions are in 170 to 175

volumes composed during the hundred years from 1853 to 1954. It is not disputed that these volumes are indexed at least to the extent of the volume number in which the decisions appear, with an alphabetical index in each volume of the names of the petitioners and the pages on which the pertinent decisions appear. Since 1954, during which period an undetermined number of such decisions have also been rendered, the volumes have been discontinued.

There accordingly is no genuine factual issue but that the request of plaintiff, as Judge Gasch stated, notwithstanding plaintiff's dispute noted above, was "a broad, sweeping, indiscriminate request for production lacking any specificity," and not a request for records of a "reasonably identifiable description."

The Judge continued, we think justifiably, as follows:

> The plaintiff has not shown that he has been denied any reasonable request for specific material: . . . It may be true that some of these opinions could be made available under the provisions of the Act if a specific request for an identifiable opinion were made, but a request for all is not specific enough to decide if any particular decision or decisions can be made available.

We held in Bristol-Myers Co. v. F. T. C., 138 U.S.App.D.C. 22, 424 F.2d 935 (1970), that while the statutory requirement relied upon by the Commissioner, that a request for disclosure specify "identifiable records," is not to be used as a method of withholding records, nevertheless, we continued, the requirement "calls for 'a reasonable description enabling the Government employee to locate the requested records.'" 138 U.S.App. D.C. at 25, 424 F.2d at 938. In light of the facts before the District Court the present request does not seem to us to meet this standard. The case is not one of unwillingness to disclose any identified manuscript decisions but a refusal to make available to appellant all documents described generally as manuscript decisions which have accumulated over more than a hundred years. We think an obligation to do this is not imposed upon the Commissioner by the request made. As construed in our *Gulick* opinion the Act contemplates that those desiring information not made available to the public under the agency's published rules—all manuscript decisions have not been made available under the rules— must request the desired records with greater descriptive concentration.

We need not decide that the omission of the Patent Office under published rules to have made all final manuscript opinions public, so that they would be available now under Section (a) (2), has been sound policy. Whatever the answer to the problem thus posed, we do not construe the language of paragraph (a) (2) to require the court to order that all such decisions be made available in response to appellant's sweeping and indiscriminate request.[4] Reading paragraph (a) (2) literally, and in isolation from the Act as a whole, appellant's construction that it requires all final manuscript decisions to be made public may be a possible one, but it is not therefore a required one, for,

> Examples are legion where literalness in statutory language is out of harmony either with constitutional requirements, United States v. Rumely, 345 U.S. 41, [73 S.Ct. 543, 97 L.Ed. 770], or with an Act taken as an organic whole. Clark v. Uebersee Finanz-Korp [AG], 332 U.S. 480, 488–489. [68 S.Ct. 174, 177, 92 L.Ed. 88].

Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 238, 89 S.Ct. 414, 417, 21 L.Ed.2d 402 (1968). As the Supreme Court stated in Lynch v. Overholser, 369 U.S. 705, 710, 82 S.Ct. 1063, 8 L.Ed.2d 211

---

4. We have no basis for assuming that the Patent Office has heretofore adopted in bad faith a policy inconsistent in spirit with that now embodied in statutory form in paragraph (a) (2) of the Act.

(1962), the "bare words of a statute" do not control its meaning.

■ Our position is, as in *Gulick*, that the request of appellant is subject to and does not meet the requirement of paragraph (a) (3) for identifiable records. While this court in Getman v. NLRB, *supra*, upheld the District Court in requiring compliance by the National Labor Relations Board with a broad request, there was no problem of identification of the records requested. The language, "all unpublished manuscript decisions of the Patent Office," the terms in which the present request was made, and is still maintained, does describe in general a type of record, but the contours of the records thus described are so broad in the context of the Patent Office files as not to come within a reasonable interpretation of "identifiable records" as this statutory language is used in paragraph (a) (3). All other considerations aside, clearly the request is in terms which seeks records many of which as Judge Gasch pointed out, may be pending patent applications required to be kept confidential by 35 U.S.C. § 122,[5] read together with Section 552(b) (3).[6]

## II

■ The District Court granted the motion to dismiss the complaint insofar as it covered the request for all unpublished manuscript decisions. Assuming that the court granted the motion to dismiss on the basis of insufficiency of the allegations of the complaint, we think

the court was justified in doing so. It appears, however, that the court probably relied upon data not limited to the allegations properly considered on a motion to dismiss. If so, this too was justified because the motion to dismiss was joined with a motion for summary judgment. The action of the court may fairly be construed as a grant of the latter motion as warranted by the law as applied to the facts which present no material factual issue precluding the grant of summary judgment.[7]

## III

■ The order of the District Court does not refer to the allegation of the complaint that plaintiff had requested the Commissioner to make available to plaintiff not only the unpublished manuscript decisions, which we have discussed above, but in addition "such indices as are available." Appellant presses in this court his claim of right to access to the "available indices" of the manuscript decisions, and points out, as we have noted, that the affidavit of the Associate Solicitor acknowledges the existence of indices in some 175 bound volumes containing, according to appellant, manuscript decisions from 1853 to 1954. Construing the request for indices as separate from the request for all manuscript decisions, we think appellant is entitled to a remand for consideration and disposition of this part of the case, which is undecided by the order on appeal. There appears to be some difference between the parties as to the facts

5. Section 122 reads as follows:
   Applications for patents shall be kept in confidence by the Patent Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of any Act of Congress or in such special circumstances as may be determined by the Commissioner.

6. Section 552(b) (3) exempts from disclosure under the Act matters that are otherwise "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b) (3) (1970).

7. Although during the course of the proceedings in the District Court appellant sought to compel answers to his interrogatories before acting on the Commissioner's motion, it seems that in the end his counsel agreed, in connection with the motion for summary judgment, that the matter was "ripe for disposition on the record as it now appears. Beyond that, as I said before, I am very anxious to have the matter disposed of one way or the other, and that is why I would like very much to simply submit it today [September 21, 1970]," which was done.

regarding these indices. The District Court will have in mind, should the parties be unable to agree, whether these differences preclude disposition of the matter by summary judgment. We of course leave open the question whether the remand for consideration of the request for indices might lead to further light on the request for manuscript decisions themselves, not excluding the possibility of such amendment to the complaint as the District Court may permit in the exercise of a sound discretion should motion to that end be made.

The order on appeal dismissing the complaint insofar as the request for all unpublished manuscript decisions is concerned, is affirmed, and the case is remanded for further consideration and disposition in a manner not inconsistent with this opinion.

It is so ordered.

## SUPPLEMENTAL OPINION ON PETITION FOR REHEARING

FAHY, Senior Circuit Judge.

In his petition for rehearing, appellant suggests that this court mistakenly relied upon American Mail Line, Ltd. v. Gulick, 133 U.S. App.D.C. 382, 411 F.2d 696 (1969), to support the position that if an agency has failed to comply with 5 U.S.C. § 552(a) (2) to make available its final opinions, and its orders, a party seeking these documents by litigation must comply with the "identifiable" request requirement of 5 U.S.C. § 552(a) (3). Upon further consideration I agree. At the same time I think Gulick does not support appellant's request. The opinion in Gulick sets forth separately the views of the three judges who decided the case. Two of the judges concurred in holding that the single memorandum there requested under the Freedom of Information Act should be made available as an identified document under Section 552 (a) (3) of the Act. The third judge thought the case was moot, and that in any event the memorandum in the circumstances should be made available quite independently of the Freedom of Information Act. It does not appear that the majority concurred in any views as to the Freedom of Information Act except that the memorandum was an identified record and should be made available as such.

■ Turning in the present case to the Act itself rather than to Gulick, we agree that the opinions and orders referred to in Section 552(a) (2), when properly requested, are required to be made available, and that such requirement is judicially enforceable without further identification under Section 552 (a) (3), even though the agency has failed to make them available as required by Section 552(a) (2).* It is implicit in that section, however, that the opinions and orders there referred to are identifiable. The language "identifiable records" appears only in Section 552(a) (3), but this is simply because the final opinions and the orders referred to in Section 552(a) (2), to be made available under published rules, are of course identifiable. For reasons stated in our opinion of June 15, 1972, the present request for "all unpublished manuscript decisions" is not a request for identifiable records considered as made either under Section 552(a) (2) or Section 552(a) (3). Nor is it a request for final opinions, or orders. We accordingly remain of the view that the action of Judge Gasch, considered solely as a grant of the appellee's motion to dismiss, as appellant contends it should be considered, was justified. As the judge pointed out, the request is too broad. It is broader than the statutory limits of Section 552(a) (2).

■ The District Court did not hold, nor do we, that the manuscript decisions of the Patent Office are exempt, as such, from disclosure. But when a request for them is made in such general terms as here, involving a large and indefinite number of records which have accumulated over the entire history of this agen-

---

* See the opinion of Judge Tamm in Gulick, 133 U.S.App.D.C. at 387, 411 F.2d at 701.

cy, the agency and the court are entitled to scrutinize the request more carefully for compliance with the Act than in the usual case, illustrated by those which have heretofore been decided by the courts.

 Even assuming that "all unpublished manuscript decisions" requested were final opinions, or orders, those that are not part of pending patent applications are now public records, made so under published rules of the Patent Office, 37 C.F.R. § 1.11 (1972), and those that are part of pending applications are required to be kept confidential under 35 U.S.C. § 122 (1970). The former are dispersed, however, among millions of Patent Office files. I do not think the Patent Office was required to reorganize these files in response to appellant's request in the form in which it was made. Nor do I think Congress intended such a result. *Cf.* H.R.Rep.No.1497, 89th Cong., 2d Sess. 8 (1966), 1966 U.S.Code Cong. & Admin.News, p. 2418; S.Rep. No.813, 89th Cong., 1st Sess. 7 (1965). There do reside in the record, however, unresolved facts indicative of the existence of compilations of manuscript decisions which may be duplicates of those in the files. Insofar as appellant may make a properly framed request for these, under either Section 552(a) (2) or (a) (3), the District Court no doubt will allow exploration of the facts on our remand for its consideration of the still pending request of appellant for indices. It would seem contrary to the spirit of Section 552(a) (2), which contemplates the availability of final opinions, and orders, made in the adjudication of cases, for an agency to make available for public inspection and copying its final opinions and its orders only in a marginally useful form (*i. e.*, dispersed through millions of public files) and at the same time maintain only for intra-agency use duplicates of the same records in some convenient, compiled and indexed form. In the developments on remand with respect to the indices, it may be that sufficient light will be shed upon the problem to enable a request for the manuscript deci-

sions to be made in a manner which brings it within the Act. *In camera* inspection by the court of the indices and contents of volumes of manuscript decisions which the record indicates may exist, is not precluded, to aid the court in passing upon the issue of disclosure and the related issue of exemptions. With the cooperation of the parties in preserving whatever non-disclosure the exemptions authorize, while at the same time seeking compliance with the purpose of the Act to inform the public as to the manner in which public agencies perform their functions, a satisfactory solution hopefully can be achieved on the remand.

The petition for rehearing is denied.

MacKINNON and ROBB, Circuit Judges, concur in the views above expressed and in denial of the petition for rehearing.