**Mary Helen SEARS, Plaintiff,**

v.

**Robert GOTTSCHALK, Commissioner of Patents, Defendant.**

**Civ. A. No. 521–70–A.**

United States District Court,
E. D. Virginia,
Alexandria Division.

April 26, 1973.

**1328**

· Mary Helen Sears, pro se.

Brian P. Gettings, U. S. Atty., David H. Hopkins, Asst. U. S. Atty., Alexandria, Va., S. Wm. Cochran, Solicitor Gen., U. S. Patent Office, Raymond E. Martin, Asst. Solicitor Gen., Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

OREN R. LEWIS, District Judge.

The plaintiff, a practicing patent attorney, seeks an order under the Freedom of Information Act, 5 U.S.C. § 552, requiring the Commissioner of Patents to produce and make available all existing abandoned United States patent applications.

The facts are not in dispute—The plaintiff wants to examine and copy all documents in the files of all existing abandoned patent applications and the Commissioner refuses to make them available.

He says the requested documents are not sufficiently identified within the meaning of the Act—but if so, they are exempted from production by one or more of the specific exemptions set forth therein.

The Court, upon the record here made, is of the opinion that the Commissioner was justified on both grounds in denying the request.

■ The Freedom of Information Act, 5 U.S.C. § 552, does not require the Government to make all of its agency records available to the public.

Section 552(a)(1) lists the agency records that must be published in the Federal Register for the guidance of the public.

Section 552(a)(2) lists the agency records that must be made available for public inspection and copying.

Section 552(a)(3) makes available on request identifiable records made in accordance with published rules, and so forth.

Section 552(b)—"This section [552] does not apply to matters [among others] that are—

"(3) specifically exempted from disclosure by statute;

"(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

. . . . "

Section 552(c) says that this section [552] does not authorize withholding of inspection or limit the availability of records to the public except as specifically stated in this section.

■ The 552(a)(3) requirement that the request for disclosure specify identifiable records calls for a reasonable description enabling the government employee to locate the requested records— See Bristol-Myers v. FTC, 138 U.S.App. D.C. 22, 424 F.2d 935 (1970).

■■ Identification by class—here all abandoned patent applications—is not enough. "All" is not sufficiently descriptive. It was so held in Irons v. Schuyler, D.C.Cir., 465 F.2d 608, cert. den. 409 U.S. 1076, 93 S.Ct. 682, 34 L. Ed.2d 664 (1972)—and this Court so holds.

In that case Edward S. Irons, an associate of the plaintiff, requested all unpublished manuscript decisions of the Patent Office. The Court of Appeals

for the District of Columbia said the request did not meet the standards set forth in Bristol-Myers, supra—

" . . . [T]hose desiring information not made available to the public under the agency's published rules . . . must request the desired records with greater descriptive concentration."

All abandoned patent application files include those which contain certain trade secrets and commercial or financial information obtained from a person and privileged or confidential—information expressly exempted from the provisions of the Act by § 552(b)(4).

There are more than six hundred thousand abandoned patent application files—Some are in the Patent Office—some are in the Federal Records Center—and some are on microfilm. At least twenty-four per cent contain trade secrets which the applicants desire to maintain in secrecy—All which have been on file for twenty years, with the exception of those mentioned in other applications, are destroyed.

■ The Commissioner is not required to excise the exempted material from the abandoned files as the plaintiff suggests.

The 552(b)(4) exemption is but another sound reason for requiring a more reasonable description of the documents sought—A request for all is too broad to determine whether any particular abandoned patent application file or files can or should be made available.

The most important question for determination here, however, is whether § 552(b)(3) of the Freedom of Information Act exempts abandoned patent applications.

That section exempts from disclosure agency records that are exempted by statute.

The Freedom of Information Act was adopted in 1966—The House Resolution, in discussing the (b)(3) proposed exemption, noted that there were nearly a hundred statutes or parts of statutes which restricted public access to specific government records—These statutes were not to be modified.

Title 35 U.S.C. § 122,[1] which restricts public access to applications for patents, was adopted in 1952—Clearly this was one of the statutes that Congress did not intend to modify.

The Supreme Court of the United States in the recent Lear case—Lear, Inc. v. Adkins, 395 U.S. 653, 671, 89 S.Ct. 1902, 1911, 23 L.Ed.2d 610 (1969)—some three years after the Freedom of Information Act was adopted—stated that "During the time the inventor is seeking patent protection, the governing federal statute requires the Patent Office to hold an inventor's patent application in confidence," citing 35 U.S.C. § 122.

The Supreme Court further pointed out that the present regulations issued by the Patent Office [Rule 14(a)] unequivocally guaranteed that "pending patent applications are preserved in secrecy . . . unless it shall be necessary to the proper conduct of business before the Office" to divulge their contents.

This Court, in Misegades & Douglas v. Schuyler, 328 F.Supp. 619 (1971), held that § 552 of Title 5, U.S.C., did not open pending patent application files to public inspection upon request.

■ We now hold that abandoned patent applications are likewise preserved in secrecy.

Title 35 U.S.C. § 122 makes no distinction between pending and abandoned patent applications. All patent applications are either pending or abandoned [2]

---

1. 35 U.S.C. § 122. Confidential status of applications. Applications for patents shall be kept in confidence by the Patent Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of any Act of Congress or in such special circumstances as may be determined by the Commissioner.

2. Pending applications are those which are before the Patent Examiner for consid-

—Applications which mature into a patent are open to the public from the date of patenting—Applications that have been abandoned remain in the Patent Office files—Some may mature into a patent upon the payment of the requisite fees—Some may be the basis for a subsequent application concerning the same subject matter—All may be revived.

The Patent Office has had a rule of secrecy as to patent applications for generations—In December of 1879 Rule 171 read, in pertinent part:

> "Certified copies of the files in cases of rejected and abandoned applications may be furnished to applicants or to other persons when specifically ordered, but no inspection of such files, except by the applicants or their duly authorized attorneys, will be permitted."

Succeeding Patent Office rules have consistently provided that abandoned applications should be held in confidence and access should be granted only by order of the Commissioner or because of the existence of special circumstances.

The pertinent portion of Rule 14 (promulgated in 1949) reads as follows:

> 14. Applications preserved in secrecy.
>
> (a) Pending applications are preserved in secrecy. No information will be given . . . . (b) Abandoned applications are likewise not open to public inspection, except
> . . . .

In enacting 35 U.S.C. § 122, Congress intended to codify the long standing practice of holding in confidence all patent applications—both pending and abandoned.

Patent applications, pending and abandoned, are exempt from the provisions of the Freedom of Information Act, 5 U.S.C. § 552.

■ The plaintiff's contention that all abandoned patent applications are

needed by the Patent Office and the Courts in the discharge of their duty to limit patents to subject matter satisfying the constitutional standard for inventions lacks support in law and fact. Clearly all abandoned patent applications are not needed for this purpose—Those that may be needed can be had by proper petition addressed to the Commissioner of Patents or to the courts.

■ The plaintiff's prayer that the Patent Office be ordered to consider all abandoned patent applications in examining pending applications is denied.

The Patent Office has not been citing forfeited and abandoned applications as references since December of 1879—The Supreme Court of the United States took note of this fact in Milburn Co. v. Davis, etc. Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651 (1926), stating " . . . and we are not disposed to disturb it [Rule 171]."

■ The Commissioner of Patents has the duty of promulgating rules and procedures for the examination of applications for patents—Not the Court.

■ The request that this Court declare 37 C.F.R. 1.14(b) and 37 C.F.R. 1.-108 unconstitutional is denied.

Both sides have asked that sanctions be assessed against the other for failure to timely comply with the orders of this Court—to produce documents—to fully answer interrogatories—and to do what the other wanted in the manner and form the other wanted it done. Numerous unnecessary hearings were required to resolve these petty differences—Both were rather sharply reprimanded in open court for their actions in the premises. Nothing further would be accomplished by assessing monetary sanctions against the participating attorneys— Therefore the motions for further sanctions are denied.

Nothing remaining to be done, the case should be dismissed at the cost of the plaintiff, and

It is so ordered.

eration as to whether they satisfy the requirements of law for issuance as patents—Abandoned applications are those

no longer before the Examiner for consideration on the merits.