**Edward S. IRONS, Plaintiff,**

**v.**

**Robert GOTTSCHALK, Commissioner of Patents, Defendant.**

**Civ. A. No. 75–70.**

United States District Court, District of Columbia.

Jan. 10, 1974.

Mary Helen Sears, Washington, D. C., for plaintiff.

Michael J. Ryan, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM–ORDER

GASCH, District Judge.

This matter came before the Court upon remand from the Court of Appeals to consider plaintiff's request for indices of manuscript decisions and to further examine matters relating to the original complaint.[1]

Originally, this Court entered an Order on October 26, 1970, granting defendant's motion to dismiss the complaint,[2] except insofar as this Court ordered the Patent Office to create and

---

1. "Construing the request for indices as separate from the request for all manuscripts decisions, we think appellant is entitled to a remand for consideration and disposition of this part of the case . . . . We of course leave open the question whether the remand . . . might lead to further light on the request for manuscript decisions themselves, not excluding the possibility of such amendment to the complaint as the District Court may permit in the exercise of a sound discretion . . . ." 151 U.S.App.D.C. 23, 465 F.2d 608, 613–614 (1972).

2. 321 F.Supp. 628 (D.D.C.1970).

maintain an index of current unpublished manuscript decisions.[3] Plaintiff had requested "all unpublished manuscript decisions together with such indices as are available." This Court rejected that request as too broad to be "identifiable records" within the meaning of 5 U.S.C. § 552(a)(3), and, accordingly, denied the request. Because it appeared that plaintiff would be unable to formulate a request of the necessary specificity without some sort of index being available, the Order required the Patent Office to create and maintain a current index under 5 U.S.C. § 552(a)(2).

On appeal, plaintiff renewed his claim as to both the manuscript decisions and the indices. The Court of Appeals affirmed the dismissal of the complaint as to the request for all manuscript decisions,[4] but left open for reconsideration on remand the question of available indices and also the possibility that an amended complaint could be framed to make the records request acceptable.[5]

The Court held an oral hearing May 10, 1973, and received detailed memoranda from each side exploring the question of the available indices. In addition, plaintiff has sought to file an amended and a second amended complaint, and numerous other motions have been made.

I. The Indices.

The indices plaintiff seeks fall into three categories. The first involves a series of bound volumes collecting manuscript decisions from 1853 to 1954. There are 175 volumes in the series, in which manuscript decisions are chronologically arranged.[6] Bound into the front of volumes 1 through 144 is an al-

phabetical index consisting of 26 pages, one page for each letter of the alphabet.[7] On each page is listed the name in which the patent application was filed, and the page number at which the decision in that application appears. Because the volumes are of folio size and each consists of three to four hundred pages, and because most manuscript decisions are one page or less, each volume contains a large number of decisions.

If these indices were to be made available, the Patent Office would have to copy them via a photographic reproduction method. It is estimated that two man-days and an expenditure of $300 would be required to reproduce the approximately 3,744 pages in question.

■ The Court feels that these indices should be made available. Without the aid of some sort of index, plaintiff will forever be unable to formulate with specificity a request for manuscript decisions that would permit the Patent Office to produce the material desired. The current index being maintained by the Patent Office pursuant to the Court's Order of October 26, 1970, includes only decisions from July 4, 1967, forward.[8] This Court is clearly without authority to order the creation of an index for any material prior to that date,[9] but it is possible to order the reproduction of existing indices insofar as they are "identifiable records" that may be requested under 5 U.S.C. § 552(a)(3).

The Patent Office has raised some objections to the reproduction and release of these indices. In short, it contends that 35 U.S.C. § 122 (confidential status of patent applications) requires the Patent Office to refrain from giving

---

3. *Id.* at 629.

4. 151 U.S.App.D.C. 23, 465 F.2d 608, 613, 614 (1972).

5. *Id.* at 613–615.

6. Affidavit of Raymond E. Martin, Associate Solicitor of the United States Patent Office at 2 (June 2, 1970).

7. Information for this further description is based upon inspection of the Patent Office

records warehouse November 30, 1973, by this Court's staff.

8. 321 F.Supp. at 629.

9. The *Freedom of Information Act* only provides for a current index. 5 U.S.C. § 552(a)(2). *See* Davis, Administrative Law Treatise, § 3A.14 (1970 Supp.).

out any information about patent applications. Because abandoned applications are considered to be covered by this section,[10] the Patent Office argues that to release an index to manuscript decisions bound in a volume containing decisions in both abandoned as well as granted patent applications is to violate 35 U.S.C. § 122, because giving out the name of the applicant (as listed in the index) is giving out "information." The Court finds this argument of insufficient merit to prevent the release of the indices.

35 U.S.C. § 122 states:

Applications for patents shall be kept in confidence by the Patent Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of any Act of Congress or in such special circumstances as may be determined by the Commissioner.

The Freedom of Information Act was designed to "establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language . . . . "[11] The statutory language of 35 U.S.C. § 122 does not clearly delineate what "no information" means. It strains reason, however, to say the release of the name of an applicant is conclusively barred when Section 122 also states that "information" may be released if "neces-

sary to carry out the provisions of any Act of Congress. . . . " 5 U.S.C. § 552 is such an Act.

■ Caselaw has recognized that Section 122 does not throw an impenetrable cloak of secrecy around all aspects of patent applications. Although in the context of patent interference litigation rather than a Freedom of Information Act case, courts have uniformly held that disclosure of confidential files must be made where justice requires.[12] Because Section 122 cannot be grounds for maintaining secrecy when it would be unreasonable to have such secrecy, it cannot bar the revelation of applicants' names in the indices in question.[13] Further, the most recent of the manuscript decisions involved is 1923. The intervening fifty years reduces significantly the possibility that any prejudice could result from the revelation of an applicant's name in this index.

■ The Patent Office further argues that the recent decision by Judge Oren Lewis in Sears v. Gottschalk, 357 F.Supp. 1327 (E.D.Va.1973), appeal docketed, No. 73–1699, 4th Cir., June 13, 1973, supports its position that the indices cannot be released under 35 U.S.C. § 122. The demand made in that case was for "all existing abandoned United States patent applications."[14] Judge Lewis held that abandoned applications, maintained in secrecy pursuant to Section 122 and Patent Office rules,[15] are

10. *See* United States Department of Commerce, Patent Office, Rules of Practice 14(b) (January 1970).

11. S.Rep.No.813, 89th Cong., 1st Sess. 3 (1965). "A democratic society requires an informed, intelligent electorate, and the intelligence of the electorate varies as the quantity and quality of its information varies." H.Rep.No.1497, 89th Cong., 2d Sess. 12 (1966), U.S.Code Cong. & Admin.News 1966, p. 2429.

12. *See, e. g.,* James B. Clow & Sons, Inc. v. United States Pipe and Foundry Co., 313 F.2d 46, 51 (5th Cir. 1963); Struthers Scientific & Int'l Corp. v. General Foods Corp., 45 F.R.D. 375, 381 (S.D.Texas 1968); Britt Tech. Corp. v. L. & A. Products, Inc., 223 F.Supp. 126 (D.Minn.1963); Cardox Corp.

v. Olin Mathieson Chemical Corp., 23 F.R.D. 27, 31 (S.D.Ill.1958); Great Lakes Carbon Corp. v. Continental Oil Co., 23 F.R.D. 33 (W.D.La.1958).

13. Of course, the Patent Office may at its option review these indices with an eye toward blocking out the names of any and all applicants who have not been granted a patent. The Court recognizes, however, that a tremendous number of man-hours would be required to perform this task, and does not feel that such editing is necessary to comply with Section 122.

14. Sears v. Gottschalk, 357 F.Supp. 1327 (E.D.Va.1973), appeal docketed, No. 73–1699, 4th Cir., June 13, 1973.

15. See note 10, *supra,* and accompanying test.

exempted under 5 U.S.C. § 552(b)(3), the prior statute exemption.[16] This Court is in agreement with Judge Lewis' ruling, but feels it does not support the Patent Office's position insofar as these indices are concerned. There is a vast difference between a broad, sweeping request for the entire contents of all abandoned patent applications and the release of a 70-year compilation of indices containing only the bare name of the applicant.

## II. Further Indices.

■ Plaintiff claims that further indices exist and should be released. The claimed indices are "docket cards" and "file wrapper jackets." The former is a master card for recording each and every event in the course of processing a patent application; the latter serves a similar function, but is at the same time attached to the front of the applications file. Neither the cards nor the jackets are collected in any way that would serve a regular index function within the Patent Office, and they contain considerably more information about individual applications than do the indices discussed in Part I.

This sort of material is not a true index, and cannot be considered as such for the use of plaintiff. Further, because each contains considerably more information about the application, including an indication of the type of invention involved, these items fall into the group of materials protected by 35 U.S.C. § 122 and the rulings of Misegades & Douglas v. Schuyler, 328 F. Supp. 619 (E.D.Va.1971), and Sears v. Gottschalk, 357 F.Supp. 1327 (E.D.Va. 1973). Accordingly, docket cards and file wrapper jackets will not be made available to plaintiff as an index.

## III. Amended Complaint.

Plaintiff has submitted motions for leave to file an amended, and later, a second amended complaint. That latter proposed complaint evidently represents a further adjustment of the complaint to conform with the facts of the case and with the spirit of the Court of Appeals' recommendation that further consideration in this Court may lead to "the possibility of such amendment of the complaint as the District Court may permit in the exercise of a sound discretion . . . ." 151 U.S.App.D.C. 23, 465 F.2d 608, 614 (1972).

■ Where a motion to dismiss the complaint has been granted and sustained, as is the case here, the trial court has discretion to permit amendment of the complaint only where the order of the Court of Appeals specifically provides for such action.[17] Because that is the case here, this Court must consider whether or not the amended complaint will cure the defects of the original one.[18] In this case, it must be said that it will not. Additional relief is already being granted to the extent that certain existing indices will be made available. As to the remainder of additional relief demanded by plaintiff, the Court, in the exercise of its discretion, denies leave to file either the amended or second amended complaint. Even so, virtually every form of relief requested by plaintiff in the second amended complaint is before the Court in the form of separate motions. For instance, on June 19, 1973, plaintiff moved for partial summary judgment under Fed.R.Civ.P. 56 and 54(c), seeking an order requiring the Patent Office to produce (1) the "170 to 175 volumes" of manuscript decisions covering the years 1853–1954, and (2) any and all indices that may exist in the files of the Patent Office, including the indices to the bound volumes, the individual docket cards, and the file wrapper jackets. The only additional items sought by the proposed second amended complaint are (1) all manuscript decisions from 1955 to the

16. Sears v. Gottschalk, *supra*, at 1329–1330.

17. Ginsburg v. Stern, 242 F.2d 379 (3rd Cir. 1957); United States v. Newbury Mfg. Co., 123 F.2d 453 (1st Cir. 1941).

18. *See* Kirsch v. Barnes, 157 F.Supp. 671 (N.D.Cal.1957).

present and any unbound decisions prior to 1955, (2) an order forbidding the Patent Office from continuing its periodic destruction of old abandoned patent applications, and (3) an order requiring the Patent Office to comply fully with this Court's Order of October 26, 1970.

■ The first of these three issues, the demand for all manuscript decisions not included in the 175 bound volumes, is clearly the same type of broad, sweeping and indiscriminate request originally denied by this Court October 26, 1970, and sustained by the Court of Appeals June 15, 1972. No such amendment will be allowed.

■ The second and third of these three issues raised in the proposed second amended complaint that are not found in the motion for partial summary judgment are before this Court by way of separate motions submitted by the plaintiff. Specifically, on June 11, 1973, plaintiff moved for a "rule to show cause why defendant should not be held in contempt for willful obstruction of justice," referring to the destruction of certain docket cards. Because docket cards have already been considered and rejected as an "available index" pursuant to the remand from the Court of Appeals,[19] this motion will be denied, and the Patent Office may continue routine destruction of agency records.[20] Also, on June 11, plaintiff moved this Court for a "rule to show cause pursuant to 5 U.S.C. § 552(a)(3) and Fed.R. Civ.P. 70 why defendant should not be held in contempt for failure to comply

with October 26, 1970 Order." This motion will be considered below.[21]

Thus it is apparent that despite denying leave to file an amended complaint, the Court is giving consideration to every issue reasonably raised therein through consideration of the two motions of June 11, 1973, and the motion for partial summary judgment of June 19, 1973.

IV. Summary Judgment.

As previously noted, on June 19, 1973, plaintiff moved the Court for partial summary judgment, seeking the 175 bound volumes of manuscript decisions compiled from 1853 to 1954, and any and all indices to manuscript decisions. The latter portion of the request has already been dealt with extensively pursuant to the Court of Appeals' remand and will not be repeated here.[22]

■ Asking for 175 bound folio volumes of manuscript decisions does somewhat narrow plaintiff's original request, but still lacks requisite specificity. Each volume contains hundreds of decisions, thus making the compilation one of about 100,000 decisions. The question of whether or not this is a request for "identifiable records" within the meaning of Bristol-Myers Co. v. F. T. C., 138 U.S.App.D.C. 22, 424 F.2d 935 (1970), and American Mail Line, Ltd. v. Gulick, 133 U.S.App.D.C. 382, 411 F.2d 696 (1969), need not be decided here, however, for another consideration takes precedence. Because a manuscript decision in a patent application is protected as being a portion of that file,[23] release

---

19. *See* Part II.

20. The proposed second amended complaint also complains of the destruction of manuscript decisions. It is evidently the policy of the Patent Office to consider abandoned applications eligible for destruction after twenty years, and presumably manuscript decisions contained therein would also be destroyed. *See* United States Department of Commerce, Patent Office, Rules of Practice 14(b) (January 1970). Because plaintiff's broad request for all manuscript decisions was denied by the Court, affirmed on appeal, it would not be appropriate to consider such

routine agency destruction of old manuscript decisions. However, any manuscript decisions contained in the bound volumes 1–144 to which an index will be made available, and any manuscript decisions indexed under this Court's Order of October 26, 1970, may not be destroyed.

21. See Part V, *infra*.

22. See Parts I and II, *supra*.

23. *Cf*. Misegades & Douglas v. Schuyler, 328 F.Supp. 619 (E.D.Va.1971), appeal dismissed 456 F.2d 255 (4th Cir. 1972).

of the bound volumes *in toto* would mean release of manuscript decisions in pending and abandoned applications as well as granted ones—and the former have a confidential status that is protected by Section 122.[24]

By ordering the release of the indices to all those volumes which are presently indexed, i. e., volumes 1–144, the Court is making available to plaintiff a means for formulating a more specific request. If a requested manuscript decision is available to the public, the Patent Office will be able to produce the volume containing that decision and thereby make the decision available.[25] If a requested decision is not available because the application was never granted, the Patent Office will so inform the one making the request. In this way plaintiff and all others will be assured a means of access to all those bound decisions from 1853 to 1923 which can be made available under Section 122. Accordingly, that portion of plaintiff's motion for summary judgment which requests all 175 bound volumes will be denied.

### V. Contempt Motion.

Plaintiff moves to hold defendant in contempt of Court for failure to fully comply with the October 26, 1970, Order requiring that

> the United States Patent Office maintain and make available for public inspection and copying a current index providing identifying information for the public as to the unpublished manuscript decisions of the Patent Office since July 4, 1967, insofar as

the same is required by 5 U.S.C. § 552(a)(2).

321 F.Supp. at 629.

Plaintiff makes no allegation that the Patent Office is not satisfactorily indexing its manuscript decisions, but rather raises questions as to material referred to in 5 U.S.C. § 552(a)(2)(B) and (C), that is, statements of policy not published in the Federal Register, staff manuals and instructions to staff affecting the public. The Court notes that these items were never requested in plaintiff's original complaint, and as a result, they were not incorporated into the Order of October 26, 1970. Because that Order has been affirmed and this case is on remand for limited purposes only, the issue of whether or not the Patent Office is fully indexing Section 552(a)(2)(B) and (C) material is not properly before the Court.

Upon inspection of the indices being maintained, the Court finds full compliance with the October 1970 Order. The Patent Office has compiled five indices which comprehensively cover Board of Appeals decisions, Board of Patent Interference decisions, and Commissioner's decisions. For the first group, two indices are maintained: one consists of decisions in granted applications, i. e., those generally available to the public. This index lists the patent application number, and classifies the decisions into 36 categories, with cross-references to other applicable categories. Determining the nature of the categories is a simple exercise. The second

---

24. The Court recognizes that very few of the manuscript decisions in question would be in still-pending applications, but is also mindful that abandoned applications have been held to enjoy that same secrecy. Sears v. Gottschalk, 357 F.Supp. 1327 (E.D.Va.1973), appeal docketed, No. 73–1699, 4th Cir., June 13, 1973.

25. The Patent Office has objected to this procedure on the grounds that if it must produce a volume containing a requested de-

cision, the person requesting the decision would then be able to see decisions in that same volume held in confidentiality under Section 122. The Court feels that by either reproducing and making available a copy of the requested decision or by monitoring the requester as he reads and/or copies the requested decision, any such feared breach of confidentiality can easily be avoided. There is little likelihood that the volume of requests would be such as to seriously inconvenience the Patent Office.

Board of Appeals index is one compiling all other decisions under coded appeals numbers, and thus indexes both unavailable decisions (pending, denied or abandoned applications) and very recently available decisions (those which have matured into patents after the entry of the decisions indexed and before the next updating of the "public" index). This latter index is also available to the public, and upon request the Patent Office will research the file of a particular application to see whether or not it can be publicly released. The two indices are both updated quarterly.

Board of Patent Interference decisions are treated in two indices, in a like fashion to Board of Appeals decisions, but are not updated on a regular basis.[26] These indices of decisions are also classified in 36 categories, but are not cross-referenced in the manner of the Board of Appeals decisions. Both are available to the public on the same terms as the Board of Appeals indices.

Commissioner's decisions have but one index, covering both available and protected decisions, compiled by a system of code numbers. Due to their particular scope and function,[27] very few of these decisions would ever be available to the public. Therefore, when a request for one is made, the Patent Office will research its files to see if release would be permissible. The Court has also gone on to investigate 5 U.S.C. § 552(a)(2)(B) and (C) material, and found that there are apparently no statements of policy, staff manuals or staff instructions that are not already available to the public. Accordingly, the Court overrules this motion.

### VI. Conclusion.

The Court has carefully considered all matters brought to its attention by both the remand from the Court of Appeals and the various motions and memoranda filed by the parties, and accordingly, it is by the Court this 10th day of January, 1974,

Ordered that each index bound in the front of volumes 1–144 be reproduced and made available in order to aid plaintiff in formulating more specific requests for identifiable records under 5 U.S.C. § 552(a)(3); and it is further

Ordered that plaintiff's motion for partial summary judgment be granted only insofar as the indices of bound volumes 1–144 are concerned; and it is further

Ordered that the remaining portions of plaintiff's motion for partial summary judgment be denied; and it is further

Ordered that plaintiff's motion for leave to file a second amended complaint be denied; and it is further

Ordered that plaintiff's contempt motion as regards routine destruction of agency records be denied; and it is further

Ordered that plaintiff's contempt motion for failure to comply with this Court's Order of October 26, 1970, be denied; and it is further

Ordered that plaintiff's motion to reconsider granting defendants' motion to quash subpoena on Raymond Martin (Order of May 7, 1973) be denied as moot.

---

26. There are many fewer such decisions, and quarterly up-dating is highly wasteful in terms of computer operation time; accordingly, the Patent Office has no regular schedule for up-dating these indices, but anticipates roughly annual review.

27. United States Department of Commerce, Patent Office, Rules of Practice 113 and 181 (January 1970).