**MISEGADES, DOUGLAS & LEVY, Plaintiff,**

v.

**Joseph SONNENBERG, C. Marshall Dann, Raychem Corporation, Defendants.**

Civ. A. No. 76–481–A.

United States District Court,
E. D. Virginia,
Alexandria Division.

Nov. 5, 1976.

George R. Douglas, Jr., Sherman Levy, Bailey's Crossroads, Va., for plaintiff.

Lyon & Lyon, James W. Geriak and William L. Respess, Jr. of Los Angeles, Cal., Jim Zegeer, Arlington Va., and William E. Mouzavires of Washington, D.C., for defendants Sonnenberg and Raychem Corp.

Elsie L. Powell, Asst. U. S. Atty., Alexandria, Va., for defendant C. Marshall Dann, Commissioner of Patents.

## MEMORANDUM OPINION AND ORDER

MacKENZIE, District Judge.

On August 20, 1976 Judge Kellam of this Court granted the motion to dismiss defendants Joseph Sonnenberg and Raychem Corporation as parties to this action. On October 22 this Court heard arguments on the motion by Sonnenberg and Raychem Corporation for award of attorney's fees incurred by them in defense of plaintiff's action on the ground that this suit was instituted against them with no justifiable reason and in bad faith.

We think that the unique circumstances of this case justify affording Sonnenberg and Raychem Corporation relief.

Plaintiff is a law firm, apparently acting for an undisclosed principal. Mr. Douglas of that firm has represented plaintiff in these proceedings. He filed a complaint under the Freedom of Information Act, 5 U.S.C. § 552, seeking access to certain pending patent application files in the custody of defendant C. Marshall Dann, the Commissioner of Patents and Trademarks. Sonnenberg, a private individual not connected with any governmental agency, is the applicant in the patent application to which plaintiff seeks access. Raychem Corporation, a private, not governmental, corporation is the assignee of that patent application. Judge Kellam dismissed the suit as it pertained to Sonnenberg and Raychem on the patently obvious ground that the Freedom of Information Act creates no cause of action except against the United States Government. Indeed, the complaint made no allegations against Sonnenberg and Raychem and sought no relief against them.

Plaintiff is an attorney who has some experience with FOIA suits [1] and knew the applicability of the Freedom of Information Act. Sonnenberg and Raychem seek an award of attorney's fees against plaintiff in the present case, to serve the purpose of discouraging repetition of efforts to drag private parties into litigation between a Freedom of Information Act plaintiff and the Government.

Federal law governs the issue whether attorney's fees should be awarded in this case, see *F. D. Rich Co., Inc. v. United States for the Use of Industrial Lumber Co., Inc.,* 417 U.S. 116, 128, 94 S.Ct. 2157, 2164, 40 L.Ed.2d 703 (1974). The general federal rule is that a prevailing litigant is not entitled to collect reasonable attorney's fees from the loser, in the absence of a statute or enforceable contract providing therefor, *e. g., Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). However, there is a well-established, though infrequently invoked, exception which applies when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *Id.* 95 S.Ct. at 1622, citing *Rich, supra.*

We find that plaintiff, in the person of Attorney Douglas has here acted in bad faith in including Sonnenberg and Raychem as defendants to this action. There is no provision in the Freedom of Information Act which would suggest to even a layman unskilled in the law that non-governmental persons could be named as defendants. Rule 11 of the Federal Rules of Civil Procedure requires that an attorney, before he signs a pleading, certify that he believes there is good ground to support it. As a matter of record, Douglas did not appear at the hearing on August 20 to oppose the motion to dismiss, and his briefs in opposition to an award of attorney's fees are unresponsive. It is irrelevant that plaintiff may have some chance of succeeding on the merits in this case as against the Commissioner. The issue is whether there was any ground that plaintiff could put forth that might conceivably justify naming Sonnenberg and Raychem as defendants. We per-

---

1. *See Misegades & Douglas v. Schuyler,* 328 F.Supp. 619 (E.D.Va.1971), appeal dismissed 456 F.2d 255 (4th Cir. 1972). However, in that suit plaintiff only named the Commissioner of Patents & Copyrights as a defendant.

ceive none and plaintiff has done nothing to enlighten us.

Defendants Sonnenberg and Raychem have filed affidavits which aver that Raychem Corporation has paid certain legal charges for the defense of itself and its employee, Sonnenberg. The underlying rationale for awarding attorney's fees in such a situation is punitive, *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), and the determination of the amount to be awarded is left to the sound discretion of the trial judge.

We view the awarding of attorney's fees as an extraordinary remedy justified only by the unique circumstances of this case.

It is ADJUDGED and ORDERED that the defendants, Raychem and Sonnenberg, have judgment against the plaintiff, Misegades, Douglas & Levy, etc., for attorney's fees in the amount of $1,680.00.