Edward S. IRONS, Appellant,

v.

Robert GOTTSCHALK, Commissioner
of Patents.

No. 74–1365.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 11, 1975.

Decided Oct. 21, 1976.

Rehearing Denied March 8, 1977.

Mary Helen Sears, Washington, D. C., for appellant.

Barbara L. Herwig, Atty., Appellee Section, Civ. Div., Dept. of Justice, Washington, D. C., with whom Rex E. Lee, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty. and William Kanter, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., were on the brief for appellee. Stephen F. Eilperin, Atty., Dept. of Justice, Washington, D. C., also entered an appearance for appellee.

Before TOM CLARK,* Associate Justice of the Supreme Court of the United States (Ret.), BAZELON, Chief Judge, and ROBINSON, Circuit Judge.

Opinion for the Court filed by Mr. Justice Clark.

Mr. Justice CLARK:

Appellant, Edward S. Irons is here on a return engagement in his six-year effort to secure disclosure of "all the unpublished manuscript decisions of the Patent Office" under the Freedom of Information Act. 5 U.S.C. § 552, *et seq.* It was in 1970 that the District Court refused disclosure on the ground that the request had not been focused on "identifiable records"; however it did direct the Commissioner of Patents to make public the indices of such manuscript decisions that had been made since the effective date of the Act, July 4, 1967, which significantly commemorated our Independence Day. *Irons v. Schuyler*, 321 F.Supp.

628 (1970). On appeal this court upheld the finding that the request was not one for "identifiable records" but remanded for a determination of Iron's request for the indices of decisions made prior to July 4, 1967. *Irons v. Schuyler*, 151 U.S.App.D.C. 23, 465 F.2d 608, *cert. denied* 409 U.S. 1076, 93 S.Ct. 682, 34 L.Ed.2d 664 (1972). On remand, the district court ordered that the indices for 144 volumes of patent materials be furnished; however, the 31 remaining bound folio volumes, covering the years 1923–1954 and not having any indices, were not included in the order; nor were the unbound files for the remaining years to 1967. The district court denied a rash of motions, all the way from one to file an amended complaint[1] to two motions for contempt based on the Commissioner's routine destruction of docket cards and file wrappers and his decision to index only the final opinions of the Patent Office under the court's order to furnish indices on post-1967 manuscript decisions.[2] 369 F.Supp. 403 (1974).

Upon the filing of this Order (January 10, 1974), appellant moved to vacate it, to reopen the proceedings, and to disqualify the district judge on the ground that a member of the court staff had made an informal inspection of the Patent Office warehouse and the materials appellant had requested, unaccompanied by appellant or his counsel. In denying the motion on March 16, 1974, the district court said:

> The Court, in its effort to reach a just and expeditious conclusion to the matter, made a physical inspection of certain items to assure that the relief granted January 10, 1974, (release of the indices to bound manuscript decisions) was both physically possible and meaningful to plaintiff. The Court finds no element of

---

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

1. The district court found the allegations of the proposed amended complaint were either "clearly the same type of broad, sweeping, and indiscriminate request originally denied" or were already before the district court in other motions filed by appellant.

2. The district court found that the Commissioner was complying with its earlier order by indexing all "final decision" materials; and that the remaining materials requested, such as statements of policy, staff manuals, staff instructions, etc. affecting the public were already being made available.

prejudice to the plaintiff in the action of November 30, 1973 [The date of the visit to the warehouse by a member of the district court's staff].

This appeal covers both the January 10th Order as well as the one dated March 11, 1974, and seeks "vacation of any residue of the decision below and remand for a fair hearing before a different judge."

1. *Issues on this appeal* :

The appellant raises no less than eight issues. He argues that (1) all 175 bound folio volumes of Patent Office decisions covering the years 1853–1954 and the decisions since the enactment of the Freedom of Information Act in 1967 must be made publicly available; (2) all documents capable of being used as indices to locate manuscript decisions, including file wrappers and docket cards must be made publicly available, with exempted information blocked out in lieu of withholding the entire document; (3) the Commissioner of Patents' destruction of docket cards subsequent to the filing of appellant's complaint was contempt of this Court and the district court; (4) this Court's earlier ruling in *Irons v. Schuyler*, 465 F.2d 608 (1972), was in error because the Commissioner's misrepresentations about the identifiability and scope of appellant's request, and if not, then the amendment to 5 U.S.C. § 552 enacted by Congress on November 21, 1974, overruled this Court's decision in *Irons v. Schuyler, supra* ; (5) the district court improperly revised, *sua sponte*, its earlier order, affirmed by this Court, by limiting the post-1967 indices

to § 552(a)(2)(A) material; (6) the Commissioner's failure to index § 552(a)(2)(B) and (C) materials was contempt of the district court; (7) the district judge deprived appellant of due process and a fair hearing by refusing the amended complaint, refusing oral examination of the Commissioners' counsel, denying summary judgment, considering Commissioner's sworn and unsworn testimony after his earlier affidavit was shown to be false in part, and engaging in *ex parte* contact with the Patent Office and subsequently refusing to recuse himself and vacate his orders because of such contact; (8) the decision below is void because of the *ex parte* contact with the Patent Office, the refusal' to allow oral examination of the Commissioner's counsel, and the entry of judgment based upon *ex parte* findings and the inadmissible statements of the Commissioner's counsel.

We have carefully canvassed these issues and find only two have merit: (1) Whether the 175 volumes of manuscript decisions are exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*; and (2) should the district court have allowed the filing of the amended complaint.

2. *The Scope and Extent of the Patent Exemption, 35 U.S.C. § 122* :

The Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, provides that certain documents and materials are exempt from its mandates. Among these exemptions is the one provided for records "specifically exempted from disclosure by statute," § 552(b)(3).[3] The patent act makes specific

---

**3.** We note at this point that the "Government in the Sunshine Act," 5 U.S.C. § 552b, P.L. 94–409, 90 Stat. 1241, was signed into law by the President on September 13, 1976.

Notwithstanding the fact that exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3) was amended to exempt from disclosure matters "specifically exempted from disclosure by statute (other than section 552(b) of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld," we are of the opinion that this amend-

ment does not alter the outcome of this opinion.

35 U.S.C. § 122 gives the Commissioner considerable discretion to disclose matters otherwise protected by that section, and, as such, it does not satisfy the requirements of proviso (A) of the new amendment. However, § 122 does "refer to particular types of matters to be withheld," and hence would be within the terms of proviso (B).

We are of the opinion that patent applications will still be entitled to confidentiality despite the more restrictive language of the amendment, and the procedure we set out *infra* will continue to be applicable.

provision for the confidentiality of patent applications, 35 U.S.C. § 122:

> Applications for patents shall be kept in confidence by the Patent Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of any Act of Congress or in such special circumstances as may be determined by the Commissioner.

The district court held that 35 U.S.C. § 122 exempts from disclosure the 175 volumes of manuscript decisions as portions of pending or abandoned application files, but that the indices to those volumes, where available must be made public in order to assist appellant and others in the drafting of specific requests that may or may not be subject to the exemption. Admittedly, nonexempt materials exist among the volumes' contents. The district court, therefore, refused to authorize examination of the volumes on the basis of appellant's broad request. In view of the fact that the appellant could not formulate a more specific request under the circumstances, a matter to be discussed in some detail *infra*, we respectfully disagree with the conclusions reached by the district court.

At the outset, it is well that we first reiterate this Circuit's prior determination that:

> The District Court did not hold, nor do we, that the manuscript decisions of the Patent Office are exempt, as such, from disclosure.

*Irons v. Schuyler*, 151 U.S.App.D.C. 23, 465 F.2d 608, 614 (1972). The provisions of the patent act itself permit the publication of patents that have been granted and the specifications and drawings of those patents, 35 U.S.C. § 11(a)(1). We thus reserve for some later determination the question of whether § 122's declaration of confidentiality for patent applications extends to successful applications and manuscript decisions involving the same. On the other hand, the 175 volumes sought by the appellant contain manuscript decisions with "information concerning" pending and abandoned patent applications. The applications themselves are clearly protected by § 122. *Sears v. Gottschalk*, 502 F.2d 122 (4th Cir. 1974).

In *Sears*, counsel for appellant here sought to require disclosure of "all abandoned U.S. patent applications". The request was not significantly different in form from the original request of appellant in this case for "all unpublished manuscript decisions of the Patent Office." The Fourth Circuit examined the legislative history of 35 U.S.C. § 122 and came to the conclusion that abandoned and pending patent applications were not subject to disclosure under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* because of the 35 U.S.C. § 122 exemption. *Id.* at 130–1.

The instant case, however, presents a somewhat different problem. Appellant seeks disclosure of manuscript decisions made by the Patent Office, some of which will reveal quotations from and detailed knowledge of protected pending or abandoned patent applications, but none of which contain the abandoned or pending patent applications *in toto* that *Sears* found protected by § 122. Thus, we face the question of whether § 122 *specifically* exempts manuscript decisions of the Patent Office within the scope of 5 U.S.C. § 552(b)(3), when those manuscript decisions reveal salient portions and detailed knowledge of the confidential abandoned or pending patent applications. In short, we must interpret the "information concerning" clause of Section 122.

 The purpose of the Freedom of Information Act was to ensure by statute the Government's broad obligation to provide its citizens access to its information. The Act's language is broad, emphasizing disclosure, and its exemptions are narrow, eschewing exception. The language of Exemption 3 of the Freedom of Information Act, § 552(b)(3) is precise: it extends only to matter that is "*specifically* exempted from disclosure by statute" (emphasis added). If the language of § 122 specifically exempts manuscript decisions in pending or

abandoned patent applications, appellant has no statutory right to demand disclosure; if the language of § 122 does not specifically exempt manuscript decisions in such cases, appellant has a statutory right to disclosure.

*Vaughn v. Rosen*, 157 U.S.App.D.C. 340, 484 F.2d 820 (1973) presented many of the same problems to this Circuit in 1973 that the case at hand presents to us today. While *Vaughn* dealt with the Civil Service Commission's refusal to disclose certain personnel records to a professor doing research on the Commission, the arguments and discussion are analogous to those presently before us. We therefore look to *Vaughn* for guidance.

■ This case does not involve purely protected documents, but rather integrated volumes of both exempt and non-exempt material. A blanket order requiring the release of the volumes to the appellant *in toto* would necessarily result in the disclosure of information covered by the exemption. To refuse appellant's request for the volumes simply because some exempt material is contained therein would deny appellant his right to the non-exempt material. The court does not feel bound to simply choose one of these two extreme alternatives. Rather, we are satisfied that 35 U.S.C. § 122 and 5 U.S.C. § 552 can be reconciled in such a manner that the exempt material remains undisclosed, and that the non-exempt material is disclosed.

*Vaughn* stated that "an entire document is not exempt merely because an isolated portion need not be disclosed." *Vaughn, supra*, p. 825. We believe that this principle applies to the manuscript decisions before us today. Those portions of the decisions which contain protected information can be excised in order that the non-exempt portions can be disclosed. Extending this reasoning to entire volumes, we find that the volumes cannot be denied the appellant *in toto* solely on the ground that the volumes contain exempt information. Again, the exempt portions of the volumes can be removed prior to disclosure to the appellant.

This court is cognizant of the tremendous number of manhours which will be required to remove the privileged information from the volumes requested. However, we are of the opinion that the emphasis on disclosure under the FOIA mandates this action.

■ We now turn to the specificity of the appellant's request for the purpose of determining its sufficiency. In *Irons v. Schuyler*, 465 F.2d 608 (1972), this court held at p. 612 that the requisite degree of specificity was "a reasonable description enabling the Government employee to locate the requested records." This court is of the opinion that the appellant's amended complaint for 175 volumes was specific enough to meet this standard under the facts of this case. The burden of claiming the § 122 exemption should now shift to the Patent Office. The Office should designate which portions of which documents it deems exempt.

The appellant has made as specific a request as possible for the 175 volumes and the other manuscript decisions. As we understand it, the only means of making a specific request is by the use of indices. While there are no indices available for the bulk of the material requested, those that are available indicate only the case name, number, and date of decision. There is no subject matter index, digest, or synopsis of the decisions currently in use. While it would be tempting to recognize the hardship on the agency in "getting its house in order" and deny the appellant's claim for disclosure for lack of specificity in his request, this would encourage agencies to procrastinate in the formulation of a usable, systematic index or other form or procedure which will allow the framing of precise requests for information.

We note at this point that § 122 concerns "information" and that disclosure of this information may be made on two grounds: (1) if necessary to carry out the provisions of any Act of Congress, or (2) in such special circumstances as may be determined by the Commissioner. While we do not make any finding today on the first of these two

grounds, we do think that the second (a determination by the Commissioner) does indicate that, barring any overriding concerns to the contrary, the Commissioner may, of his own accord, release any information requested without having to wage a courtroom battle under the Freedom of Information Act.

■ Finally, we turn to the question of which manuscript decisions constitute "final opinions" for purposes of § 552(a)(2)(A). Unfortunately, this court lacks a sufficiently detailed and focused record to make such a determination. Therefore, we are unable to reach this issue.

However, a procedure for compiling an adequate record is set out in our old friend *Vaughn.* "Respect for the enormous document-gathering capacity of government agencies compels us to recognize that the raw material of an FOIA lawsuit may still be extremely burdensome to a trial court. In such cases, it is within the discretion of a trial court to designate a special master to examine documents and evaluate an agency's contention of exemption. This special master would not act as an advocate; he would, however, assist the adversary process by assuming much of the burden of examining and evaluating voluminous documents that currently falls on the trial judge." *Vaughn, supra,* 484 F.2d p. 828. If determining which of the manuscripts are "final opinions" does present too time-consuming a task to the trial court, as it well might, the use of a special master for the above-stated purpose should certainly be considered. Additionally, the special master might make determinations as to whether certain portions of manuscript decisions are exempt or non-exempt.

In summary, our findings are as follows: (1) the appellant's amended complaint was specific enough to place the burden of claiming specific exemptions for specific parts of the manuscript decisions and the volumes on the agency; (2) 35 U.S.C. § 122 does not exempt either the requested manuscript decisions or the requested volumes *in toto,* but rather exempts only portions of the requested material containing detailed information and salient knowledge pertaining to the patent applications; (3) determination as to which documents constitute "final opinions" was impossible due to our lack of an adequate record.

It is our opinion that this case should be remanded to the district court for determining which materials are exempt and which are non-exempt with directions to the Patent Office to excise those portions of the requested documents which would reveal confidential information, and other proceedings not inconsistent with this opinion.

As a final note, we look to one further observation in *Vaughn.* "The procedural requirements we have spelled out herein may impose a substantial burden on an agency seeking to avoid disclosure. Yet the current approach places the burden on the party seeking disclosure, in clear contravention of the statutory mandate. Our decision here may sharply stimulate what must be, in the final analysis, the simplest and most effective solution—for agencies voluntarily to disclose as much information as possible and to create internal procedures that will assure that disclosable information can be easily separated from that which is exempt. A sincere policy of maximum disclosure would truncate many of the disputes that are considered by this court. And if the remaining burden is mostly thrust on the Government, administrative ingenuity will be devoted to lightening the load." *Vaughn, supra,* p. 828.