Joseph W. Thomas, New Orleans, La., for plaintiff-appellant.

Leonard Schaitman, Appellate Staff, Douglas N. Letter, Civ. Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

**Sybil M. ALFORD, Plaintiff-Appellant,**

v.

**CENTRAL INTELLIGENCE AGENCY, Defendant-Appellee.**

No. 79–1871

Summary Calendar.\*

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1980.

Before RONEY, HILL and KRAVITCH, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Sybil Alford appeals from an order of the district court granting summary judgment in favor of the Central Intelligence Agency (CIA) in an action brought under the Privacy Act of 1974, 5 U.S.C.A. § 552a. We affirm.

In 1977, Alford wrote to the CIA requesting that she be given access to its file on her. She was informed that the agency had located one document concerning her, but that the document was exempt from disclo-

* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

sure by 5 U.S.C.A. §§ 552a(i)(1) and 552a(k)(1) and regulations promulgated by the Director of the CIA. While her administrative appeal was pending, Alford commenced an action in the district court, demanding $50,000 in damages for the CIA's refusal to grant her access to the document. The CIA moved for summary judgment, arguing that the document was exempt from disclosure. In support of the motion the CIA offered an affidavit of Robert Owen, Information Review Officer for the Directorate of Information of the CIA, detailing the reasons why the document could not safely be disclosed. Alternatively, the CIA argued that judicial review of its decision to deny access was precluded by 32 C.F.R. § 1901.61(e).[1] Summary judgment was granted without written reasons.

Section 552a(j)(1) of the Privacy Act authorizes the Director of the CIA to promulgate rules exempting documents from the access provisions of the Act. Pursuant to subsection (j)(1), the Director has promulgated 32 C.F.R. § 1901.61(d), which provides:

(d) Pursuant to authority granted in subsection (j) of the Act the Director of Central Intelligence has determined to exempt from access by individuals under subsection (d) the Act those portions and only those portions of all systems of records maintained by the CIA that;

(1) Consist of, pertain to, or would otherwise reveal intelligence sources and methods;

(2) Consist of documents or information provided by foreign, federal, state or other public agencies or authorities.

Alford does not challenge the CIA's authority to promulgate the above regula-

tion, nor does she allege that the agency failed to comply with the rule-making procedures prescribed by the Act. We therefore must assume, for purposes of this appeal, that the regulation is the product of a valid exercise of the CIA's discretionary authority. The only question which remains, therefore, is whether the particular document to which Alford seeks access falls within the regulation. Having carefully reviewed the affidavit of Mr. Owen, we conclude that "by its sufficient description the contested document logically falls into the category of the exemption indicated." *Raven v. Panama Canal Co.*, 583 F.2d 169, 171 (5th Cir. 1978) (quoting *Weissman v. C. I. A.*, 184 U.S.App.D.C. 117, 122, 565 F.2d 692, 697 (D.C.Cir. 1977)).[2]

Alford also claims that the district court erred in failing to examine the document *in camera* prior to granting summary judgment. The decision whether to conduct an *in camera* inspection is wholly within the discretion of the district court. *See* 5 U.S.C.A. § 552a(g)(3)(A). Alford's bare assertion that the affidavit is conclusory does not provide us with **grounds upon** which to find an abuse of **discretion.**

In view of our **holding that** the document properly was exempted by the CIA, we decline the invitation to decide whether an agency may, by regulation, deprive the district courts of jurisdiction to review decisions to deny access.

AFFIRMED.

---

1. 32 C.F.R. § 1901.61(e) provides:

(e) Pursuant to authority granted in subsection (j) of the Act the Director of Central Intelligence has determined to exempt from judicial review under subsection (g) of the Act all determinations to deny access under section (d) of the Act and all decisions to deny notice under subsections (e)(4)(G) and (f)(1) of the Act pursuant to determination made under paragraph (c) of this section when it has been determined by an appropriate official of the CIA that such access would disclose information which would;

(1) Consist of, pertain to or otherwise reveal intelligence sources and methods;

(2) Consist of documents or information provided by foreign, federal, state, or other public agencies or authorities.

2. Because we conclude that the document is exempt under 5 U.S.C.A. § 552a(j)(1) and 32 C.F.R. 1901.61(d), it is unnecessary for us to determine whether it is exempt under any other provisions of the Privacy Act.