**In re INSLAW, INC., Debtor.**

**No. 85–00070.**

United States Bankruptcy Court, District of Columbia.

April 9, 1985.

William Conti, Shea & Gould, Washington, D.C., Kenneth Rosen, David N. Ravin, West Orange, N.J., for AT & T Information Services.

Bruce Goldstein, Washington, D.C., for Unsecured Creditors Committee.

Glenn S. Gerstell, Washington, D.C., for debtor, Inslaw, Inc.

## ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Before the Court is a motion (the "confidentiality motion") by AT & T Information Systems, Inc. ("AT & T") requesting that its tendered "Motion For Order Directing Debtor-In-Possession To Assume Or Reject Executory Contract With AT & T" (the "executory contract motion") be kept under seal because attached to that executory contract motion is an agreement (the "Agreement") between the Debtor and AT & T that "contains certain confidential information which, if disclosed to the public, could result in irreparable harm and damage" to AT & T. AT & T has not publicly explained why the executory contract motion, as well as the Agreement itself, should be held *in camera*. Nor has AT & T even served its confidentiality motion, much less its executory contract motion, on the Debtor or its counsel, or our counsel to the Unsecured Creditors' Committee, the United States Trustee, or any other party in interest. *See* letter from debtor's counsel (filed April 1, 1985).

■ The right of public access to judicial records (*see* 11 U.S.C. § 107(a)) is "fundamental to a democratic state" and is analogous to the First Amendment right to freedom of speech and of the press and to the Sixth Amendment guarantee of public trials. *United States v. Mitchell*, 551 F.2d 1252, 1258 (D.C.Cir.1976), *rev'd on other grounds sub nom. Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 89 S.Ct. 1306, 55 L.Ed.2d 570 (1978). In *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973) *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), *Phillippi v. C.I.A.*, 546 F.2d 1009 (D.C.Cir.1976), *Irons v. Gottschalk*, 548 F.2d 992 (D.C.Cir.1976) *cert. denied*, 434 U.S. 965, 98 S.Ct. 505, 54 L.Ed.2d 451 (1977), and their progeny, our Court of Appeals has delineated procedural standards for dealing with confidentiality requests, including such requests relating to trade secrets and confidential research, development, and commercial information. *See* 11 U.S.C. § 107(b)(1). Unlike papers filed in judicial proceedings, the documents involved in those cases were not such as would ordinarily be matters of public record. Therefore, the procedural standards enunciated in those cases should *a fortiori* apply here.

■ Yet, in this case AT & T has not even revealed on the public record any reason why it should not at least serve the confidentiality motion on the Debtor, counsel to the Unsecured Creditors' Committee, and the United States Trustee. Indeed, the form of order submitted by AT & T appears to be considerably narrower in scope than what AT & T requests in its confidentiality motion. The proposed order would treat as confidential only the Agreement, not the executory contract motion, and would permit examination of the Agreement itself by the Debtor's counsel, as well as by this Court. However, as stated in *Vaughn* and reiterated in *Irons*, "an entire document is not exempt merely because an isolated portion need not be disclosed." *Irons*, 548 F.2d at 996 (quoting *Vaughn*, 484 F.2d at 825). AT & T has submitted neither any publicly filed affidavit nor other publicly filed support for its bare conclusory claims that "confidential information" is involved and that disclosure of that information "could result in irreparable harm

and damage." This Court has not examined the documents which AT & T has submitted *in camera,* nor does it propose to do so unless and until AT & T complies with the procedural requirements discussed above and in *Vaughn, Irons,* and *Phillippi. See supra,* p. 299.

NOW THEREFORE IT IS ORDERED, on April 9, 1985, that AT & T's confidentiality motion is DENIED, without prejudice to renewal upon compliance with the procedural requirements set forth above and in the *Vaughn, Irons,* and *Phillippi* line of cases. The Clerk of this Court is directed to return to AT & T the documents which AT & T has tendered for confidential, *in camera* treatment.