Julian R. VILLANUEVA, Plaintiff-Appellant,

v.

DEPARTMENT OF JUSTICE, et al., Defendants-Appellees.

No. 85–1220 Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1986.

Fernando Chacon, El Paso, Tex., for plaintiff-appellant.

Mark M. Greenberg, Asst. U.S. Atty., El Paso, Tex., Leonard Schaitman, Mark Stern, Attys., Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The trial court's determination that requested information was exempt from statutory disclosure requirements under the Freedom of Information and Privacy Acts was not clearly erroneous. We, therefore, affirm the trial court's grant of summary judgment in favor of defendants in this suit, applying the same clearly erroneous standard to findings under both Acts.

I.

In late 1980, Julian Villanueva was twice flown to Washington, D.C. for testing and

interviews to determine his suitability for employment as a Central Intelligence Agency case officer. In March 1981, he was notified that the C.I.A. had decided not to hire him. He then applied for appointment as a special agent of the Federal Bureau of Investigation. In March 1983, he was notified by letter that he had been accepted by the F.B.I. His appointment was contingent upon a satisfactory physical examination and favorable results from outstanding agency checks. He took the F.B.I. oath and entered the F.B.I. Academy at Quantico, Virginia. After three weeks in training, Villanueva was discharged from the Academy and sent home. In a letter delivered almost a month later, he received the cryptic explanation that he "did not satisfactorily meet the requirements for the Special Agent position." His informal efforts to obtain a more illuminating explanation were unsuccessful and in June 1983, he filed a written request to obtain his personnel files from the F.B.I. and C.I.A. On October 3, 1983, 222 of 256 pages were released to him. In August 1984, after appealing an agency determination, Villanueva received an additional 16 pages from his personnel file. He was unable to obtain the remaining 18 pages.

Villanueva sued the Justice Department and the F.B.I. under the Freedom of Information Act[1] and the Privacy Act[2] to compel the release of the remaining pages. The defendants released some of the requested materials, introduced evidence that the remaining materials were exempt from disclosure, and moved for summary judgment. The court examined the withheld materials *in camera,* ruled that they were properly exempt from disclosure on various grounds, and granted defendants' motion for summary judgment. On appeal, Villanueva challenges the trial court's finding that portions of three of the requested documents relating to "polygraph records"

were exempt. He does not challenge the grant of summary judgment as to the material deleted in the remaining two documents.

## II.

Villanueva argues that the district court erred in not detailing support for its findings that certain portions of the documents relating to polygraph materials were exempt from disclosure. He contends that the court erred both in not finding that the documents sought to be withheld were not further segregable, and in failing to make findings about whether (1) the documents were in fact "records" within the meaning of the Acts and (2) whether the material claimed to be exempt revealed a method, practice or technique entitled to exemption under the Acts. Correlatively, Villanueva argues that defendants failed to meet their burden of proof as to the nonexistence of any material fact in genuine dispute because they (1) failed to prove that the exempted polygraph material was in fact a polygraph record or revealed a method, practice or technique relating to polygraph use and (2) failed to prove that the documents were not further segregable. Although we understand Villanueva's frustrations, we find his contentions all without merit.

## III.

An appellate court reviewing a trial court's Freedom of Information Act decision must determine whether the district court had an adequate factual basis for its decision, and, if so, whether the decision it reached was clearly erroneous.[3] Villanueva does not argue that, nor is there any apparent reason why, a different standard

---

1. U.S.C. § 522.

2. 5 U.S.C. § 522a.

3. *Linsteadt v. I.R.S.,* 729 F.2d 998, 1003 (5th Cir.1984); *Stephenson v. I.R.S.,* 629 F.2d 1140,

1144 (5th Cir.1980); *accord Antonelli v. Drug Enforcement Admin.,* 739 F.2d 302, 303 (7th Cir.1984); *Currie v. I.R.S.,* 704 F.2d 523, 528, 531 (11th Cir.1983); *Church of Scientology v. United States Dep't of the Army,* 611 F.2d 738, 742 (9th Cir.1979).

should apply to reviews of Privacy Act determinations.[4]

A trial court has considerable flexibility in determining the proper scrutiny to give materials claimed to be exempt. In reaching this decision, it may resort to *in camera* review,[5] as it did here. The defendants also submitted, and Villanueva had the opportunity to examine, an affidavit by William Kotapish, Director of the Office of Security of the C.I.A., explaining in some detail the reasons for claiming exemption of the materials. The court thus had an adequate factual basis for its decision.[6] The sole issue, then is whether, on the facts presented, the court's determination was clearly erroneous.

The correctness of the trial court's findings can only be understood in the context of the relevant statutes. Under the Freedom of Information Act an agency is required to make records available to any party properly requesting them.[7] The statute states, however, that the agency need not disclose matters that are specifically exempted from disclosure by a statute that "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue."[8] Under the National Security Act of 1947, the C.I.A. is exempt from any statute requiring "the publication or disclosure of the organization, functions, names, ... or numbers of personnel employed by the Agency."[9] Also, by specific statutory mandate, the director of the C.I.A. is "responsible for protecting intelligence sources and methods from unauthorized disclosure."[10] In *C.I.A. v. Sims*, the Supreme Court held that this statute constitutes an exemption from the provisions of the Freedom of Information Act, and gives the director "broad power to protect the secrecy and integrity of the intelligence process."[11] Accordingly, the C.I.A. Director has the "power to withhold superficially innocuous information on the ground that it might enable an observer to discover the identity of an intelligence source,"[12] or reveal other important confidential information.

The Privacy Act provides that, upon request, an agency that maintains a system of records shall permit an individual access to his records or to information pertaining to him.[13] An agency may promulgate rules to exempt from disclosure investigatory material compiled for the purpose of determining suitability for federal employment to the extent that disclosure would reveal the identity of a confidential source.[14] An agency may also promulgate rules to exempt from disclosure testing or examination materials used to determine suitability for employment if disclosure would compromise the fairness or objectivity of the testing or examination process.[15]

In addition, subsection (j)(1) of the Privacy Act provides that the C.I.A. Director may promulgate rules "to exempt any system of records within the agency" from disclosure, within certain limitations.[16] Pursuant to this section, the Director has exempted from disclosure records that "[c]onsist of, pertain to, or would otherwise reveal intelligence sources or methods."[17]

---

**4.** *Cf. Alford v. C.I.A.,* 610 F.2d 348, 349 (5th Cir.), *cert. denied,* 449 U.S. 854, 101 S.Ct. 150, 66 L.Ed.2d 68 (1980).

**5.** 5 U.S.C. 552a(g)(3)(A); *see Stephenson,* 629 F.2d at 1145; *Alford,* 610 F.2d at 349.

**6.** *See Linsteadt,* 729 F.2d at 1003.

**7.** 5 U.S.C. § 552(a)(3).

**8.** 5 U.S.C. § 552(b)(3).

**9.** 50 U.S.C. § 403g.

**10.** 50 U.S.C. § 403(d)(3).

**11.** —— U.S. ——, 105 S.Ct. 1881, 1888, 85 L.Ed.2d 173 (1985).

**12.** *Id.* at ——, 105 S.Ct. at 1983, 85 L.Ed. at 183.

**13.** 5 U.S.C. § 552a(d)(1).

**14.** 5 U.S.C. § 552a(k)(5).

**15.** 5 U.S.C. § 552a(k)(6).

**16.** 5 U.S.C. § 552a(j)(1).

**17.** 32 C.F.R. § 1901.61(d)(1); *see Alford v. C.I.A.,* 610 F.2d 348, 349 (5th Cir.) *cert. denied,* 449 U.S. 854, 101 S.Ct. 150, 66 L.Ed.2d 68 (1980).

Polygraph records have also been specifically exempted under this statute.[18]

After *in camera* inspection of the documents sought to be withheld, the trial court found that the portions of the documents in Villanueva's personnel file were exempt under 50 U.S.C. § 403(d)(3), which permits the C.I.A. Director to protect from disclosure certain confidential and secret matters, and that other material was exempt under sections 552a(k)(5) and 552a(k)(6) of the Privacy Act, which exempts from disclosure material on prospective federal employees when that information is obtained from confidential sources or relates to testing and examination methods.

▆▆▆ Villanueva asserts that the trial court erred in failing to provide "detailed support" for its findings. The court might have been more specific in its memorandum order, stating explicitly which portions of which documents were exempt under which provisions of the Acts, but we do not reverse a district court for lack of specificity in its findings so long as we can discern its ultimate factual conclusions and adequately review them.[19] The findings made are sufficient. Requiring explicit factual support for a decision regarding an exemption could improperly limit a trial court's discretion. Such a requirement would virtually require *in camera* review; this court has held that *in camera* review is discretionary not mandatory.[20] A requirement of greater specificity might indeed exact indirect disclosure of the very information that the court has ruled need not be disclosed.

▆▆▆ Villanueva's contention that the court should have made a finding that the documents sought were not further segregable is also without merit. Section 552(b)

of the F.O.I.A. states, "Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection."[21] Each of the documents in question includes portions that have been segregated from the deleted portions and made available to Villanueva. The agency has not withheld an entire document merely because one isolated portion is exempt from disclosure.[22]

▆▆▆ Villanueva also argues, albeit not explicitly, that a summary of a record, here the deleted paragraphs referring to his polygraph examination, is not entitled to the same protection from disclosure granted to a polygraph record itself. This reasoning is sophistic. If a record is exempt, a summary of that record is also exempt because the summary, if accurate, might reveal the very information that is exempt.[23] Even in summary form, the material may reveal information that exposes the C.I.A.'s confidential use of the polygraph. Though the information may appear innocuous to the uninitiated, Congress has granted the C.I.A. Director broad power to protect the methods of the intelligence process. The trial court's decision that the paragraphs relating to polygraph records are exempt is not clearly erroneous.

▆▆▆ While the F.B.I. might have been able to find a way to provide a brief but intelligible explanation for its decision not to accept appellant as a special agent without compromising national security or the integrity of the hiring process, the law does not compel it to do so, and it is not our province to dictate its public relations practices.

**18.** 32 C.F.R. § 1901.61(a)(1).

**19.** See *Clay v. Equifax, Inc.*, 762 F.2d 952, 955–58 (11th Cir.1985); *Hanson v. Aetna Life & Cas.*, 625 F.2d 573, 575 (5th Cir.1980).

**20.** See *Stephenson v. Internal Revenue Serv.*, 629 F.2d at 1144–45.

**21.** 5 U.S.C. § 552(b).

**22.** See, e.g., *Irons v. Gottschalk*, 548 F.2d 992, 996 (D.C.Cir.1976), *cert. denied*, 434 U.S. 965, 98 S.Ct. 505, 54 L.Ed.2d 451 (1977).

**23.** See *F.B.I. v. Abramson*, 456 U.S. 615, 625–28, 102 S.Ct. 2054, 2061–63; 72 L.Ed.2d 376, 385–88, (1982); *See also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 166, 95 S.Ct. 1504, 1524, 44 L.Ed.2d 29, 56 (1975).

For these reasons, the judgment is AFFIRMED.