United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2003**

Charles R. Fulbruge III
Clerk

REVISED APRIL 23, 2003

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10817

Summary Calendar

_____

FLIGHTSAFETY SERVICES CORPORATION

Plaintiff - Appellant

v.

DEPARTMENT OF LABOR; ET AL

Defendants

DEPARTMENT OF LABOR

Defendant - Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas
3:00-CV-1285-P

_____

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:

This action arises from an unsuccessful request by
FlightSafety Services Corporation to the Department of Labor for
statistical information regarding salaries and wages under the

-Page 1-

Freedom of Information Act, 5 U.S.C. § 522 (1996 & Supp. 2001). After requiring the Bureau of Labor Statistics, a component of the Department of Labor, to submit a Vaughn index to the court justifying its decision to withhold the requested documents and requiring the Bureau of Labor Statistics to submit, for in camera review, the withheld documents, the district court granted summary judgment in favor of the Bureau of Labor Statistics. Upon review, we affirm the judgment of the district court.

**FACTUAL HISTORY**

FlightSafety Services Corporation ("FSSC") is a publicly held company under contract (the McNamara-O'Hara Service Contract Act ("SCA")) with the United States Air Force Air Mobility Command to provide student aircrew academic and simulator instruction. Under the terms of this contract, employee wage rates are determined in accordance with Department of Labor ("DOL") Wage Determination schedules. The SCA requires the DOL to issue prevailing wage rates and fringe benefits for service employees who are working under a covered SCA contract. To meet this requirement, cross-industry surveys of occupational wages and benefits conducted by the Bureau of Labor Statistics ("BLS") are relied upon to develop SCA Wage Determinations.

The request by FSSC that engendered the current suit sought a redacted electronic copy of all raw data collected to create (1) specified wage determinations for Wichita Falls, Texas and

Oklahoma City, Oklahoma, (2) the 1997 Occupations Employment Statistics for Lawton, Oklahoma and Wichita Falls, Texas, and (3) the 1995 Occupational Compensation Survey, National Summary. The DOL denied the FSSC's request, contending that because these surveys were procured by the BLS with a pledge of confidentiality to the individual businesses contributing to the surveys, the data is exempted from disclosure under the Freedom of Information Act ("FOIA").

FSSC appealed the denial administratively to the DOL; however, after being told of a two-year backlog on appeals, FSSC brought suit in federal court against the DOL and the BLS in three separate cases under the FOIA. The district court consolidated the cases, and FSSC voluntarily dismissed the DOL. Both FSSC and the BLS then moved for summary judgment. The district court held that the information sought was generally exempted from disclosure under the FOIA. However, in order to determine if the exempt portions of the documents could be reasonably segregable from the rest of the information contained in the documents, the district court ordered the BLS to produce a <u>Vaughn</u> index to justify the agency's withholding of documents, under which the BLS was required to correlate each document withheld with a particular FOIA exemption, and to submit the withheld documents under seal for <u>in camera</u> review by the district court. <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973). The district court reviewed the documents submitted under seal and the <u>Vaughn</u> index prepared by the BLS and determined

that summary judgment in favor of the BLS was appropriate. Final judgment in favor of the BLS was thereafter granted on May 16, 2002. FSSC appeals this judgment.

On appeal, pursuant to a court-requested supplemental letter brief by the BLS to this court, FSSC became aware, allegedly for the first time, that the BLS had submitted a "representative sample" of withheld documents to the district court for its _in camera_ review rather than submitting all the withheld documents, as requested by the district court.[1] In response, FSSC requests that we "order the DOL to comply with the District Court's order [to produce all withheld documents] so that the full _in camera_ review may be conducted by this Court."

## STANDARD OF REVIEW

As is the case here, most FOIA cases are resolved at the summary judgment stage. _Cooper Cameron Corp. v. United States Dep't of Labor_, 280 F.3d 539, 543 (5th Cir. 2002). This court reviews _de novo_ the district court's grant of summary judgment under the FOIA, using the same standard used by the district court in reviewing the agency's decision to, in this case, deny FSSC

---

[1] The BLS also, in its supplemental letter brief to this court, apologized for "inadvertent error" in stating that certain withheld segregable material had already been disclosed to FSSC when, in fact, the information had not yet been disclosed. The BLS then stated that "[i]n a telephone conversation on January 21, 2003, Government counsel informed counsel for [FSSC] that this process would begin promptly."

access to requested documents.[2]  <u>Id.</u>  Further, the FOIA "expressly places the burden 'on the agency to sustain its action.'"  <u>Id.</u> (quoting <u>United States Dep't of Justice v. Reporters Comm. for Freedom of the Press</u>, 489 U.S. 749, 755 (1986).

**ANALYSIS UNDER THE FOIA**

---

[2]  The parties dispute the standard with which this court should review the finding of the district court, after conducting an <u>in camera</u> review of the withheld documents, that the non-exempt portions of the documents could not be reasonably segregated from the exempt portions.  At least one circuit has stated that such a determination should be reviewed for clear error given its apparent roots in a <u>factual</u> determination.  <u>See</u> <u>Nat'l Wildlife Fed. v. United States Forest Serv.</u>, 861 F.2d 1114, 1116 (9th Cir. 1988) ("In reviewing a district court's judgment under the FOIA, we 'must determine whether the district judge had an adequate factual basis for his or her decision' and, if so, we 'must determine whether the decision below was clearly erroneous.'") (quoting <u>Church of Scientology v. United States Dep't of the Army</u>, 611 F.2d 738, 742 (9th Cir. 1979)); <u>but see</u> <u>Simmons v. United States Dep't of Justice</u>, 796 F.2d 709, 710 (4th Cir. 1986) ("Congress provided in the FOIA that courts should make a <u>de novo</u> review of any claimed exemption by an agency, review documents <u>in camera</u> if necessary, and release any reasonably segregable non-exempt portion of a document that an agency claims is exempt.") (internal citations omitted); <u>Goland v. CIA</u>, 607 F.2d 339, 364 (D.C. Cir. 1978) ("This rationale [to utilize a deferential standard of review] violates the court's statutory responsibility to undertake <u>de novo</u> review for 'reasonably segregable material.'").  This case does not require us to weigh in on the debate whether the statutory mandate that a district court must review an <u>agency's</u> determination that non-exempt portions of exempt documents are not reasonably segregable likewise applies to our review of the <u>district court's</u> determination on this issue.  Our conclusion here remains the same whether the district court's judgment is reviewed <u>de novo</u> or for clear error.  <u>See also</u> <u>Halloran v. Veterans Admin.</u>, 874 F.2d 315, 319 (5th Cir. 1989) (stating that "[b]ecause the district court based its decision not upon the unique facts of this case, but upon categorical rules regarding what does and does not constitute an [exemption] for FOIA purposes, we treat its conclusions as conclusions of law, and thus review them <u>de novo</u>," in a case that reviewed the district court's conclusion that certain information was reasonably segregable).

Congress created nine exemptions (found under 5 U.S.C. § 552(b)) to its general policy of full agency disclosure under the FOIA "because it 'realized that legitimate governmental and private interests could be harmed by release of certain types of information.'" United States Dep't of Justice v. Julian, 486 U.S. 1, 8 (1988) (quoting FBI v. Abramson, 456 U.S. 615, 621 (1982)); Halloran v. Veterans Admin., 874 F.2d 315, 318 (5th Cir. 1989). At issue here is the exemption found under § 552(b)(4), which protects "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4) (1996 & Supp. 2002).

To demonstrate that this exemption shelters the relevant documents here from disclosure, the BLS is required to show that the information contained in the documents is (1) commercial or financial, (2) obtained from a person and (3) privileged or confidential. Cont'l Oil Co. v. Fed. Power Comm'n, 519 F.2d 31, 35 (5th Cir. 1975).

The district court correctly held that the business establishments surveyed by BLS fall within the FOIA's definition of "person," statutorily defined to "include[] an individual, partnership, corporation, association, or public or private organization other than an agency." 5 U.S.C. § 551(2) (1996 and Supp. 2002).[3] FSSC does not dispute the accuracy of this finding.

---

[3] The BLS asserts that the source data for the Occupational Compensation Survey consisted of about 25,000

The district court also properly held that the documents at issue (in unredacted form) include "confidential" and "commercial" information, thus allowing the documents to fall within the confines of the "trade secrets" exemption under § 552(b)(4).  See Calhoun v. Lyng, 864 F.2d 34, 36 (5th Cir. 1988) (stating that information is confidential under 5 U.S.C. § 552(b)(4) if its disclosure would likely (1) impair the government's ability to obtain necessary information in the future, or (2) cause substantial competitive harm to the person from whom it was obtained).  As cogently stated by the district court:

> The BLS is the principal data-gathering agency of the federal government in the broad field of labor economics, which includes information on employment, unemployment, wages, productivity, prices and occupational safety and health.  Because it is not empowered with any statutory right to procure the data it needs, it must give the source of information a pledge of confidentiality.  Moreover, being a specifically designated statistical agency within the Executive Branch, whose activities are predominately the collection, compilation, processing, or analysis of information for statistical purposes, it also subject [sic] to the requirements of the Office of Management and Budget's ("OMB") Order Providing for the Confidentiality of Statistical Information.
> . . .
> In addition, the Wage Survey, National Compensation Survey, and Occupation Employment Survey forms at issue in this case all contain pledges to the non-government

establishments collected annually in a sample representing the contiguous United States, and an additional 7,000 establishments in surveys required for administering the SCA.  The National Summary, which replaced the Occupational Compensation Survey, called for a 36,000-establishment survey, with one-half providing wage date information and the remaining one-half providing both wage date and benefit information.  The source data for the Occupations Employment Statistics survey consisted of a total of 1.2 million establishments collected over three years.

establishments providing information to the BLS that such information will be used only for statistical purposes and will be held in confidence and will not be disclosed without their written consent, to the full extent permitted by law. The Court finds there can be no doubt on this record that disclosure of the requested information would impair the BLS' ability to collect data in the future. It is reasonable to conclude that such an opening wedge of disclosure would make it difficult, if not impossible, for the BLS to collect other data which is essential to its efficient operation since not empowered with any statutory right to procure the data it needs.

Plainly, the information sought in this case is the type of information Congress intended to exempt from disclosure under the FOIA. See S. REP. No. 89-813 at 9 (1966), reprinted in 1966 U.S.S.C.A.N. 2418 (discussing its goal of "protect[ing] the confidentiality of information which is obtained by the government through questionnaires or other inquiries, but which would customarily not be released to the public by the person from whom it was obtained"). In order for the DOL to apply its regulatory authority consistently, it must rely on BLS generated data. The document disclosure here presents a serious risk that sensitive business information could be attributed to a particular submitting business. This attribution would indisputably impair BLS's future ability to obtain similar information from businesses who provide it under an explicit understanding that such information will be treated confidentially. FSSC does not genuinely dispute this point.

The real dispute raised by FSSC in this case is whether the

requested documentation contains any reasonably segregable non-exempt data. The FOIA states that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b) (1996 & Supp. 2002). FSSC contends that the BLS should be required to redact any uniquely identifying private company descriptives and disclose the remainder of the "reasonably segregable" material. The BLS disagrees, contending that any disclosable information is so inextricably intertwined with the exempt, confidential information, that producing it would require substantial agency resources and produce a document of little informational value.

Upon independent review of the documentation submitted to the district court for an in camera inspection, we agree with the district court that FSSC's request should be denied. The fact that only a "representative sample" of the documents rather than all the withheld documents were submitted to the district court for an in camera review does not alter our determination. When it submitted documents for the in camera review, the DOL clearly stated in a declaration appended to the materials submitted to the district court, that the BLS was submitting just "a sample of the withheld records" and a Vaughn index for the court's in camera review. The district court was thus aware that only a portion of the documents withheld by the BLS were submitted for the district court's review when it granted summary judgment in favor of the

BLS.[4]

It is clear to us upon review of these documents (and the detailed Vaughn index) that any disclosable information is so inextricably intertwined with the exempt, confidential information that producing it would require substantial agency resources and produce a document of little informational value. In addition to providing an adequate sample of the withheld documents, the BLS took the time to prepare a Vaughn index to allow the district court (and us) to satisfy ourselves that the information contained in the documents is exempt and does not contain reasonably segregable material. Vaughn v. Rosen, 484 F.2d 820, 823 (D.C. Cir. 1973); see also Kent Corp. v. NLRB, 530 F.2d 612, 624 (5th Cir. 1976) (rejecting claim that documents within the executive privilege exemption contained "reasonably segregable" material). We thus agree with the district court's conclusion that the documents contain no reasonably segregable information. See, e.g., Willamette Ind., Inc. v. United States, 689 F.2d 865, 867-68 (9th Cir. 1982). Further, FSSC's requests that the BLS be required to simply insert new information in place of the redacted information requires the creation of new agency records, a task that the FOIA does not require the government to perform. NLRB v. Sears, Roebuck Co., 421 U.S. 132, 161, 162 (1975).

---

[4] We note that a copy of this declaration (and the Vaughn index) were served on counsel for FSSC on July 15, 2002, before its notice of appeal was filed.

**CONCLUSION**

The exemption found under 5 U.S.C. § 552(b)(4) shelters the withheld documents from the requested FOIA disclosure, and we do not find a portion of those documents that can be reasonably segregated from the portions which are exempt under this subsection. We therefore AFFIRM the judgment of the district court.