IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-41139
Summary Calendar

HILTON THOMAS

Petitioner-Appellant

V.

U.S. DEPARTMENT OF JUSTICE

Respondent-Appellee

Appeal from the United States United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-112

Before GARWOOD, GARZA and OWEN, Circuit Judges.

PER CURIAM:[*]

Hilton Thomas, federal prisoner # 33062-037, brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to obtain audiotapes made by and in the possession of the Bureau of Prisons (Bureau). The tapes were of Thomas's federal-prison telephone conversations with a co-conspirator while Thomas was serving a life sentence for conspiracy, murder in aid of racketeering, and drug distribution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The FOIA mandates disclosure of a federal agency's records unless they fall within specific exemptions. Dep't of the Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 7 (2001). Records or information compiled for law-enforcement purposes need not be disclosed if their production "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Thomas's request was denied on this basis and the court below held that such denial was proper. The initial question that a court ordinarily poses in analyzing whether that exemption applies is whether the records were compiled for law-enforcement purposes. See cooper Cameron Corp. v. United States Dep't of Labor, 280 F.3d 539, 545 (5th Cir. 2002). The court below held that the law-enforcement purpose was present.

Thomas argues that the tapes failed to qualify as law-enforcement records. He did not raise this argument in trial court, however, presenting it for the first time in his reply brief in this court. This court will not consider arguments initially raised in a reply brief. United States v. Jackson, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

The Supreme Court has held as a categorical matter that a third party's request for law-enforcement records about a private citizen can reasonably be expected to invade that citizen's privacy. U.S. Dep't of Justice v. Reporters Committee For Freedom of Press, 489 U.S. 749, 780 (1989). If the requester seeks no official information about a government agency, but merely seeks records that the agency happens to be storing, the invasion is unwarranted. Id. Once a privacy interest has been identified, the person requesting the information is likely to advance that interest. National Archives and Records Admin. v. Favish, 541 U.S. 157, 172 (2004). Without such a showing, the invasion of privacy is unwarranted. Id.

Thomas seeks to learn about prosecutorial misconduct, not the Bureau's misconduct. The Bureau, however, is not charged by law with prosecutorial functions. See 18 U.S.C. § 4042. Because Thomas does not seek official information that would shed light on the Bureau's performance of its duties but instead seeks information about a private citizen that is accumulated in the Bureau's files, he has not established a public interest in disclosure that warrants an invasion of his co-conspirator's privacy. See Reporters Committee, 489 U.S. at 780 (when "request seeks no 'official information' about a Government agency, but merely records that the Government happens to be storing, the invasion of privacy is 'unwarranted'"); see also Burge v. Eastburn, 934 F.2d 577, 580 (5th Cir. 1991) (rejecting request for witness statements in F.B.I. files because asserted public interest in fair trial is not type of public interest that compels disclosure).

The district court also properly denied Thomas's request for redacted transcripts eliminating the co-conspirator's words. The FOIA provides that any "reasonably segregable" portions of an agency record must be released after deleting the exempt parts. 5 U.S.C. § 552(b); FlightSafety Services Corp. v. Dep't of Labor, 326 F.3d 607, 612 (5th Cir. 2003). Release of redacted records is not required if "any disclosable information is so inextricably intertwined with the exempt, confidential information that producing it would require substantial agency resources and produce a document of little information value." Id. Thomas made it clear that the tapes are important to him because they allegedly reveal through his co-conspirator's words the perjury used by prosecutors to secure Thomas's conviction. Therefore, transcripts of redacted conversations that would exclude what the co-conspirator said would be "of little informational value." FlightSafety Services Corp., 326 F.3d at 612. Such redacted material would reveal only what Thomas said, and he has provided no authority for his implicit proposition that his words would constitute "evidence that would

warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." Favish, 541 U.S. at 175; see also Oguaju v. United States, 378 F.3d 1115, 1117 (D.C. Cir. 2004) (assertion in sworn affidavit that government informant committed perjury at trial is too insubstantial to warrant belief that alleged government impropriety occurred).

The district court also properly dismissed Thomas's demand for transcripts of two telephone conversations that took place in November 2003 and in December 2004. Thomas's brief on appeal does not challenge this determination. Further, exhaustion of administrative remedies is required prior to seeking judicial review of the denial of an FOIA request. Hedley v. United States, 594 F.2d 1043, 1044 (5th Cir. 1979). To obtain judicial review, a party must show that he first exhausted his administrative remedies. Id. Thomas presented no such proof with regard to the November and December conversations.

AFFIRMED.